# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * CRIMINAL NO. SAG-23-0186 |
| MATTHEW HIGHTOWER | * |
| Defendant. | * |

## CONSENT PROTECTIVE ORDER

To expedite the flow of discovery material between the parties, facilitate the prompt resolution of disputes over confidentiality, adequately address issues related to sensitive information entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority under Fed. R. Crim. P. 16(d)(1) and 18 U.S.C. § 3771, and with the consent of the parties, IT IS HEREBY ORDERED:

**I.     CATEGORIES OF PROTECTED DOCUMENTS**

(1)     **Evidence Relating to Ongoing Investigations:** The United States may produce information to the defense that may be related to ongoing investigations that should not be publicly disclosed. Disclosure of any such information may adversely impact any ongoing investigations by causing the subjects of those investigations to flee, destroy evidence or otherwise obstruct justice. Upon producing any such documents to the defense, the United States shall designate them as "protected" in the manner set forth in Section II, below.

(2)     **Grand Jury Materials:** The United States may make available for inspection and/or produce certain information to the defense, including transcripts of witness testimony that may be within the scope of the grand jury secrecy and disclosure provisions of Fed. R. Crim. P. 6(e), pursuant to the government's *Jencks*, *Giglio*, or *Brady* obligations. Upon producing any such

documents to the defense, the United States shall designate them as "protected" in the manner set forth in Section II, below.

(3) **Production of Personal Identity Information by the United States That May Be Subject to the Privacy Act, 5 U.S.C. § 552a, or to 42 U.S.C. § 1306, or Other Privacy Protections:** The United States may produce certain individually identifiable personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure to the defense, pursuant to the defendant's discovery requests. The information produced may be subject to the provisions of the Privacy Act, 5 U.S.C. § 552a, or to the provisions of 42 U.S.C. § 1306. The United States may produce this information in redacted or unredacted form. Upon producing any such documents to the defense, the United States shall designate them as "protected" in the manner set forth in Section II, below.

## II. DESIGNATION AND USE OF PROTECTED INFORMATION

(1) **Designation of Material Subject to this Protective Order:** To designate "protected" material covered by this Protective Order, the United States shall so designate, on the material itself, in an accompanying cover letter, or on digital storage media cover or label, by using the following designation: "PROTECTED INFORMATION—SUBJECT TO PROTECTIVE ORDER."

(2) **Use and Disclosure of Protected Information and Materials:** The defense may use these documents only for purposes of the current litigation, and may not disclose them to any third party other than to persons employed to assist in the defense without further permission of the Court and the government. Defendant, defense counsel, and persons employed to assist in the defense shall not copy or reproduce the materials except in order to provide copies of the materials for use in connection with this case by same. Such copies and reproductions shall be

treated in the same manner as the original materials.

(3)     **Security of Materials:**  If copies of documents containing Protected Information are provided to counsel for the defendant, the protected information must be secured in a manner where it would not be available to anyone outside of defense counsel's office.   Upon conclusion of all stages of this case, all of the material, and all copies made thereof, retained by defense counsel shall remain subject to the same protections contained in this Order, unless otherwise ordered by the Court

(4)     **Filing of Documents:** The Clerk shall accept for filing under seal any documents or filings so marked by the parties pursuant to this Order. The defendant shall not file these documents with, or submit them to, the Court, or reproduce their contents in any court filing, unless the document or filing is placed under seal or all information that would disclose protected information within the document or filing has been removed.

(5)     **Protected Information in Open Court:** The procedures for use of designated protected information or documents during any hearing or the trial of this matter shall be determined by the parties and the Court in advance of the hearing or trial. The parties shall consider the following: (1) redacting protected documents to remove protected information; (2) requesting the Court to accept such documents or exhibits under seal; (3) coding the documents to substitute a numerical or other designation for the protected information; (4) introducing summary evidence where practicable and which may be more easily redacted; and (5) assuring that all Social Security numbers and other Personal Identity Information associated with individuals have been redacted in accordance with Rule 49.1 of the Federal Rules of Criminal Procedure and other applicable laws. No party shall disclose designated protected documents in open Court without prior consideration by the Court.

### III. DEFENDANT'S ACKNOWLEDGMENT

The defendant shall execute the attached Acknowledgment of the requirements of this Order. Upon execution, counsel for defendant shall provide a copy to the Government and file the executed copy UNDER SEAL with the Court

### IV. FURTHER ORDERS

(1) **Modification of Protective Order Permitted:** Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery, or lack thereof, that it believes to be otherwise improper.

(2) **No Waiver**: The failure to designate any materials as provided in Section II, above, shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

(3) **No Ruling on Discoverability or Admissibility**: This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

SO ORDERED this _____ day of _____, 2023.

_____
Stephanie A. Gallagher
United States District Judge