UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MATTHEW HIGHTOWER,<br><br>Defendant. | CASE NO:  SAG-23-00186 |

GOVERNMENT'S NOTICE AND MOTION TO ADMIT EVIDENCE
PURSUANT TO RULE 404(b)

The United States hereby files a motion for a pretrial ruling regarding the admission of evidence at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.

The defendant, Matthew Hightower, is charged with offenses arising out of the murder of Latrina Ashburne on May 27, 2016. At the time of the murder, Hightower was incarcerated awaiting trial in a federal case in this district for health care fraud and extortion murder. The government intends to prove that while incarcerated, Hightower conspired with Davon Carter and Clifton Mosley to murder the whistleblower who launched the federal health care fraud investigation and who also provided information in the extortion murder investigation. The government further intends to prove that Davon Carter murdered Latrina Ashburne, the next door neighbor of the whistleblower, by mistake.

The government seeks to introduce at trial various prior acts by Hightower, including:

1. Hightower's involvement in a health care fraud scheme at RSRX Resources which resulted in a federal indictment against him and the owners of the company on June 3, 2015 under criminal case 15-CR-00322. Hightower discussed the investigation and subsequent charges in several recorded phone calls, including who he thought notified law enforcement. This evidence establishes Hightower's motive to murder the whistleblower.

2. Hightower's involvement in the extortion murder of David Wutoh committed on September 22, 2013 which resulted in a superseding federal indictment against

2

Hightower in April of 2016 in the same criminal case 15-CR-00322. Hightower had lent Wutoh a large amount of money that Wutoh failed to repay. The superseding indictment resulted in Hightower's federal detention pre-trial. In subsequent recorded jail calls Hightower discussed the charges and the evidence against him including the whistleblower. This evidence further establishes Hightower's motive to murder the whistleblower.

3. Several procedural events in 15-CR-00322 are relevant to this instant case against Hightower:

    a. June 3, 2015 – federal indictment for health care fraud charges
    b. June 17, 2015 – initial appearance and detention hearing, released on home confinement
    c. June 18, 2015 – order setting conditions of release including no contact with witnesses in the case
    d. June 29, 2015 – list of witnesses filed by the government
    e. September 30, 2015 – hearing to review pre-trial release conditions at which time the government proffered that Hightower was the target of the David Wutoh murder investigation out of Baltimore County and another non-fatal shooting in Baltimore City in which the victim was interviewed in the hospital and identified Hightower as the assailant.
    f. December 1, 2015 – hearing to review pre-trial release conditions based on several violations reported by pre-trial services. Again, the Wutoh murder investigation and the non-fatal shooting in Baltimore City were discussed on the record in support of the government's efforts to restrict Hightower's movements out of concern for public safety.
    g. February 23, 2016 – hearing to review pre-trial conditions and superseding indictment filed in the health care fraud case
    h. April 19, 2016 – second superseding indictment filed adding extortion murder charges for the David Wutoh murder
    i. May 4, 2016 – scheduled detention hearing which was then postponed
    j. May 6, 2016 – detention hearing which resulted in an order of detention
    k. May 9, 2016 – order of detention filed by the court

4. Cell site location data from Hightower's cellphone placed him at the scene of the Wutoh murder around the time of the murder. Hightower discussed this piece of evidence over jail calls including with his co-conspirator, Davon Carter. The government intends to prove that it is for this reason that Ms. Ashburne's shooter, Davon Carter, left his personal cellphone at home on the day of the murder and activated a burner cellphone instead.

5. Hightower attempted to identify witnesses against him including reaching out via email to the whistleblower from RXRS Resources in July of 2015 in violation of pretrial release conditions filed on June 18, 2015;

3

6. Jail calls made to Hightower from Davon Carter in 2013 and 2014 during which Hightower discussed the criminal investigations and suspected witness against him;

7. Jail calls made from Hightower to various individuals after he was detained in May of 2016 discussing his pending federal charges.

8. Hightower was a marijuana dealer before his federal incarceration. In anticipation of his possible detention, he turned over his marijuana business to his co-conspirators Davon Carter and Clifton Mosley, close associates whom Hightower trusted. The fact that Hightower trusted these men with his drug business, his money and his cars helps establish that Hightower trusted them enough to help him get rid of the witness against him. On June 1, 2016, a week after the Ashburne murder, Carter was pulled over driving another vehicle that beloned to Hightower, a black BMW SUV. Officers recovered a large amount of marijuana, U.S. currency, and three cellphones from the BMW. One of the cellphones was the burner cellphone used by Carter on the morning of the murder, another was a drug cellphone that was previously used by Hightower for his drug business. Also recovered from Hightower's BMW that day was the license plate that belonged on one of the suspect vehicles used in the Ashburne murder, a gray Audi associated with Hightower.

9. Officers at Chesapeake Detention Facility conducted a search of Hightower's cell after the Ashburne murder and recovered a piece of paper with a list of contacts included the phone numbers for his co-conspirators, Davon Carter and Clifton Mosley.

The government submits that the aforementioned acts are relevant and admissible as intrinsic to the underlying criminal case as they are inextricably intertwined with and provide context to the charged offenses. *United States v. Cooper*, 482 F.3d 658 (4th Cir. 2007). Evidence intrinsic to the story of the crime does not fall under Rule 404(b)'s prohibition. *Id.* Acts are intrinsic to the conduct being prosecuted "when they are [i] inextricably intertwined or [ii] both acts are part of a single criminal episode or [iii] the other acts were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996).

The prior conduct listed above, however, is also admissible as 404(b) evidence of the defendant's modus operandi, opportunity, preparation, knowledge, intent, identity, motive, planning, and the absence of mistake with respect to allegations in the indictment. As such, proof of these incidents is relevant to the matters at trial.

4

Rule 404(b)(1) of the Federal Rules of Evidence states, in part that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Moreover, "Rule 404(b) is a rule of inclusion," and relevant evidence will be admitted except "that which tends to prove only criminal disposition." *See United States v. Briley*, 770 F.3d 267, 275–76 (4th Cir. 2014)(internal quotation marks omitted).

In assessing admissibility of Rule 404(b) evidence, this court has set forth the following requirements: (1) the prior-act evidence must be relevant to an issue other than character; (2) it must be necessary to prove an element of the crime charged; (3) it must be reliable; and (4) its probative value must not be substantially outweighed by its prejudicial nature. *United States v. Lespier*, 725 F.3d 437, 448 (4th Cir. 2013) (alteration omitted) (internal quotation marks omitted).

Accordingly, the government respectfully requests that this Court grant its motion to admit Rule 404(b) evidence concerning the defendant's prior conduct.[1]

## CONCLUSION

For all of the foregoing reasons, the United States respectfully requests that this Court permit the admission of this evidence at trial.

Respectfully submitted,

Erek L. Barron
United States Attorney

By: _____/s/_____
Kim Y. Hagan
Assistant United States Attorney

---

[1] The government will submit a memorandum in support of this motion prior to trial.