```
 1                  IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF MARYLAND
 2                           NORTHERN DIVISION

 3   UNITED STATES OF AMERICA,          )
                                        )
 4           Plaintiff,                 )
           vs.                          )
 5                                      ) CRIMINAL NO.:
     MATTHEW HIGHTOWER,                 ) 1:23-cr-00186-SAG-1
 6                                      )
             Defendant.                 )
 7   _____)

 8
                                       Baltimore, Maryland
 9                                     June 21, 2024

10
                         TRANSCRIPT OF PROCEEDINGS
11            ATTORNEY INQUIRY AND FARETTA HEARING
          BEFORE THE HONORABLE MAGISTRATE JUDGE ADAM B. ABELSON
12

13
     For the Government:
14
             KIM Y. HAGAN, Esquire
15           AARON ZELINSKY, Esquire
               Office of the United States Attorney
16             36 South Charles Street, 4th Floor
               Baltimore, MD 21201
17

18   For the Defendant:

19           TERESA WHALEN, Esquire
               Law Office of Teresa Whalen
20             801 Wayne Avenue, Suite 400
               Silver Spring, MD 20910
21
             DANIEL H. GOLDMAN, Esquire
22             The Law Office of Daniel Goldman PLLC
               421 King Street, Suite 505
23             Alexandria, VA 22314

24

25           Proceedings Recorded by Audio Recording
        Transcript Produced By Computer-Aided Transcription
```

Patricia G. Mitchell, RMR, CRR  Federal Official Court Reporter
101 W. Lombard Street, Fourth Floor
Baltimore, MD 21201

1              P R O C E E D I N G S

2          (10:16 a.m.)

3                  THE COURT:  Good morning, everyone.

4                  ALL COUNSEL:  Good morning.

5                  THE COURT:  Ms. Hagan, you may call the case.

6                  MS. HAGAN:  Good morning, Your Honor.  Kim Hagan and

7      Aaron Zelinsky on behalf of the United States calling United

8      States versus Matthew Hightower.  This is 23-0186.  We're here

9      for an attorney inquiry hearing.

10                 THE COURT:  All right, thank you.

11                 MS. WHALEN:  Good morning, Your Honor.  Teresa

12     Whalen.  I'm here on behalf of Mr. Hightower.

13                 MR. GOLDMAN:  Daniel Goldman on behalf of

14     Mr. Hightower who is present.

15                 THE COURT:  All right.  Good morning to all of you.

16     Good morning, Mr. Hightower.  You may all be seated.

17                 THE DEFENDANT:  Good morning.

18                 THE COURT:  All right.  I know we're here for an

19     attorney inquiry hearing, and there's been a request by

20     Mr. Hightower that has given rise to this hearing.  My thought

21     is to proceed first with a traditional attorney inquiry hearing

22     outside the presence of the Government, but stay close because

23     we may then have another portion of the hearing.  Before we go

24     into the sealed proceeding -- and I'll make the findings to

25     proceed under seal for that portion -- is there anything that

 1  the Government wishes to put on the record?

 2          MS. HAGAN:  Your Honor, I would just note that I

 3  believe this is our third attorney inquiry hearing for

 4  Mr. Hightower.  We currently have a motions hearing scheduled

 5  on September 27th, 2024.  Up until now, we have had ongoing,

 6  productive discovery process, in addition to the materials that

 7  we have provided to defense counsel since this indictment.

 8      We have also been providing rolling, ongoing, early *Jencks*

 9  material review.  We've had approximately seven meetings at the

10  U.S. Attorney's Office since February in which we have allowed

11  counsel for Mr. Hightower to come and review voluminous grand

12  jury materials that span the course of this investigation,

13  three to four years' worth of grand jury materials.  So from

14  the Government's perspective, the discovery process has been

15  thorough with defense counsel.

16          THE COURT:  Okay.  Well, to the extent that

17  Mr. Hightower's request will require me to inquire into

18  communications of counsel that are protected by the

19  attorney-client privilege, I find that that portion of the

20  proceeding should be conducted under seal.  Although there is

21  generally a public interest in court proceedings, sensitive and

22  confidential matters that are protected by the attorney-client

23  privilege justify closing that portion of this proceeding to

24  the public and that there's a compelling judicial interest in

25  ensuring that a defendant's Sixth Amendment rights with respect

1    to the attorney-client privilege are protected.

2         So I'll ask that Government counsel step out and we'll

3    seal the proceeding, and we'll let you know when we're ready to

4    proceed further.

5              MS. HAGAN:  Thank you.

6         **(Sealed proceeding on the record, outside the presence of**

7    **Government counsel.)**

8         **(The following was held in open court:)**

9              THE COURT:  I'll note for the record that Ms. Hagan

10   has returned.  Are we waiting for Mr. Zelinsky or not?

11             MS. HAGAN:  No, Your Honor.  He had another matter.

12             THE COURT:  Okay.

13             MS. HAGAN:  Thank you.

14             THE COURT:  Ms. Hagan, Mr. Hightower has requested to

15   proceed pro se in this case, to proceed to represent himself.

16   I've conducted an attorney inquiry hearing, and Mr. Hightower

17   does wish to proceed to maintain that request so we're now

18   beginning what we call the *Faretta* portion of this hearing.

19        Mr. Hightower, the purpose of this portion of the

20   proceeding is to confirm on the record whether you choose to

21   proceed in this case with the representation of court-appointed

22   counsel or to represent yourself.  That includes any motions

23   hearings, any trial if there is one.  Do you understand what

24   I've said so far?

25             THE DEFENDANT:  Yes.

 1          THE COURT:  Are you able to read, write and
 2    understand English?
 3          THE DEFENDANT:  Yes.
 4          THE COURT:  Are you under the influence of any
 5    medication, drug, or alcohol or other substance that may
 6    interfere with your ability to understand what is said and what
 7    happens in court today?
 8          THE DEFENDANT:  No.
 9          THE COURT:  Ms. Whalen, are you aware of any reason
10    that Mr. Hightower would be unable to understand these
11    proceedings today?
12          MS. WHALEN:  No, Your Honor.
13          THE COURT:  Mr. Hightower, I'll advise you, as I'm
14    sure you've heard before, that the Sixth Amendment of the
15    United States Constitution gives you a right to the assistance
16    of counsel in the defense of your criminal case pending against
17    you, but you also have a right to proceed defending yourself.
18    The exercise of one of those rights, the right to be
19    represented by counsel on one hand, and on the other hand, your
20    right to represent yourself, a choice between those necessarily
21    means a waiver, a giving up of the other right.  It means
22    electing to proceed with your right to counsel.  It means that
23    you're waiving the right to represent yourself and the other
24    way around as well.  Elecing to invoke your right to represent
25    yourself means that you're waiving or giving up your right to

1    assistance of counsel which is a right that you are entitled to

2    under the Sixth Amendment.

3        If there's any doubt or ambivalence or equivocation or

4    lack of certainty about which of those two rights that you seek

5    to exercise, the right to counsel would take priority over the

6    right to self-representation, and the Court would be obligated

7    to protect your right to counsel and not allow you to represent

8    yourself.  In other words, if you choose to exercise your right

9    to have an attorney represent you in this case, you're

10   necessarily, as I said, giving up your right to represent

11   yourself.

12       Do you understand all of that?

13               THE DEFENDANT:  Yes.

14               THE COURT:  If you would prefer to represent

15   yourself, on the other hand, in order to be permitted to do

16   that, you must state expressly on the record that you are

17   waiving, that you are giving up your right to counsel.  Do you

18   understand that?

19               THE DEFENDANT:  Yes.

20               THE COURT:  Now if you choose to represent yourself

21   in your own defense, I'll need to ask you certain questions and

22   consider your answers in order to satisfy myself that you are

23   waiving your right to counsel voluntarily, knowingly and

24   intelligently.  That series of questions and your answers is

25   called a *Faretta* colloquy, *Faretta* inquiry.  That is named

1    after a United States Supreme Court case from 1975 called

2    *Faretta vs. California.*

3         Have you had time to consider whether you'd like to

4    exercise your right to counsel or to represent yourself in this

5    case?

6              THE DEFENDANT:  Yes.

7              THE COURT:  All right.  Let me advise you of the

8    following.  Listen very carefully to all of these and make any

9    notes -- make note of any questions or any comments that you

10   have.  Do you have a pen there to note any questions that you

11   might have?

12        All right.  You've got a pen and paper there if you have

13   any questions?

14             THE DEFENDANT:  Yes.

15             THE COURT:  The choice of whether to exercise your

16   right to counsel or to waive that right and represent yourself

17   is completely your choice.  But you must remain aware of the

18   fact that the Government has attorneys representing it in its

19   prosecution of you.  So it would be a wise choice for you to

20   exercise your right to counsel and have an attorney

21   representing your interests in your defense just as the

22   Government has one or more attorneys representing it in this

23   case.

24        The choice to represent yourself carries with it

25   significant risks, hazards and disadvantages that I believe you

1    are already aware of, but I will reiterate to make very clear

2    that you are aware of.

3        Mr. Hightower, as I understand it, you're not trained in

4    the practice of law, correct?

5                THE DEFENDANT:  Correct.

6                THE COURT:  That means someone in your position --

7    this is not a statement of your intelligence or anything like

8    that.  It's just a statement as to the training and experience

9    that you in this case don't have.  That means you may not have

10   a full grasp, awareness or understanding of a complex body of

11   laws and rules that apply in this case, including the Federal

12   Rules of Criminal Procedure and the Federal Rules of Evidence.

13       Do you understand that?

14               THE DEFENDANT:  Yes.

15               THE COURT:  You may have rights and options under

16   various laws and rules that you might not be aware of and may

17   be a benefit to you in your defense of your case.

18       Do you understand that?

19               THE DEFENDANT:  Yes.

20               THE COURT:  You may also be subject to certain

21   restrictions and limitations in your defense of the case that

22   you might not fully appreciate, not having that experience and

23   training which may come as a surprise to you in the course of a

24   motions hearing in this case or a trial or any other

25   proceedings.  That may -- that surprise, that lack of knowledge

1   may disrupt your plans and preparations you might make in terms

2   of your defense, plans for what you are envisioning might

3   happen at further proceedings.

4        Do you understand that?

5            THE DEFENDANT:  Yes.

6            THE COURT:  If you decide to waive your right to

7   counsel and represent yourself, as you know, the Federal Rules

8   of Criminal Procedure and the Federal Rules of Evidence and

9   rules of court, including local rules of this court and

10  standing orders with regard to discovery, will not be bent,

11  amended, stretched or set aside in any way simply to

12  accommodate the fact that you choose to represent yourself as

13  someone untrained in the law.

14       Do you understand that?

15           THE DEFENDANT:  Yes.

16           THE COURT:  A felony criminal trial is a complex

17  matter and it's a significant undertaking for everyone

18  involved, including lawyers with decades of experience.  If you

19  had someone trained and experienced in the practice of law

20  representing you in this case, they would have an understanding

21  of all of the applicable laws and rules, your rights and

22  options under those laws and rules and the benefits they hold

23  for you, and the restrictions and limitations that those laws

24  and rules impose upon you in your defense.  This information

25  would then inform every strategic decision that would need to

1  be made in your case and that could be of benefit to you or a

2  detriment to you in the event of your proceeding without

3  counsel in those efforts to defend yourself in the case.

4      A lawyer would be equipped to plan and prepare for a

5  hearing or trial and all proceedings in this case in all those

6  ways that you are not equipped, not having that training.  Do

7  you understand that?

8          THE DEFENDANT:  Yes.

9          THE COURT:  A trained and experienced criminal

10  defense lawyer like Ms. Whalen and Mr. Goldman would also be

11  familiar with the statutes, laws passed by Congress defining

12  the crimes that you're charged with which would inform their

13  strategies, tactics, arguments, approach in all aspects of this

14  case, including motions practice, motions hearing, trial,

15  sentencing, all proceedings.

16      Do you understand all that?

17          THE DEFENDANT:  Yes.

18          THE COURT:  An attorney's familiarity with all those

19  laws and rules and expectations would also inform whether and

20  how particular jury instructions would be argued for or against

21  and may affect which instructions are given to the jury.  Jury

22  instructions tell the jury how they must go about deciding your

23  guilt or innocence, and those instructions will be, must be

24  based on the law.  Training and experience in the law therefore

25  is a great advantage, which goes without saying, in deciding

1  whether and how to argue the jury instructions, which

2  instructions to request, which instructions not to request,

3  which instructions to request amendments to.  All of those

4  issues may benefit you.

5      As to all of those issues, representation by counsel would

6  benefit you in arguing those issues with regard to jury

7  instructions.  And not having that experience in all of these

8  issues -- areas, including jury instructions, may very well and

9  probably will disadvantage you.

10     Do you understand all that as well?

11         THE DEFENDANT:  Yes.

12         THE COURT:  An attorney's familiarity with the

13  applicable laws also would inform whether and how they would

14  preserve issues for potential appeal and make a record with an

15  eye toward appealing any such issues to the court of appeals.

16  Preserving issues meaning whether to make arguments so that you

17  may then make -- in the trial court so that you may then in the

18  future make arguments to the Court of Appeals in the event you

19  are convicted and you appeal.

20     So having counsel would also then be in a position during

21  all of the proceedings in this court to making determinations

22  with an eye to issues that could potentially lead to arguments

23  for overturning a conviction or ordering a new trial if you're

24  convicted.

25     Training and experience in the law is a great advantage in

1    preserving legal issues for appeal and making a record in

2    support of your position for an appellate court to review and

3    consider in the event you're convicted, in the event there is

4    an appeal.

5        Do you understand all that as well?

6            THE DEFENDANT:  Yes.

7            THE COURT:  A trained and experienced criminal

8    defense lawyer also would devise strategies informed by their

9    experience and grasp of the law and implement those strategies

10   when selecting the jury and seeking to question potential

11   jurors, when making opening statements and cross-examining

12   Government witnesses, when lodging objections to evidence the

13   Government seeks to present at trial, when presenting any

14   defense case, when making closing arguments, when requesting

15   particular jury instructions and objecting to other jury

16   instructions.

17       Do you understand all that as well?

18           THE DEFENDANT:  Yes.

19           THE COURT:  And you understand all of the rules with

20   regard to opening statements, direct examination,

21   cross-examination, defense case, closing arguments, jury

22   instructions, all the rules that apply when you have counsel

23   will apply without counsel; do you understand that as well?

24           THE DEFENDANT:  Yes.

25           THE COURT:  If you choose to represent yourself, your

6/21/2024 Hearing

1   efforts in jury selection, opening statements,

2   cross-examination, making objections, presenting a defense

3   case, closing arguments and arguing for or against particular

4   jury instructions would not, if you represent yourself, be

5   informed by a strategy supported by legal experience and

6   training.  That could and likely would be a serious

7   disadvantage in your choice to represent yourself.

8       So overall the choice to represent yourself may render

9   your defense less effective than it would be and carry very

10  serious risks of a guilty verdict in this case.  Do you

11  understand?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Mr. Hightower, you must understand that

14  if you choose to represent yourself at a motions hearing --

15  file motions, at a motions hearing, at trial, at sentencing,

16  with regard to any aspect of this case, you'll take on complex

17  responsibilities.  If you want to make an opening statement and

18  closing argument to be made on your behalf to the jury at

19  trial, you'll be the one solely responsible for delivering the

20  opening statement and closing argument to the jury.  You will

21  have to participate in the jury selection and decide whether to

22  move to strike potential jurors at the appropriate time,

23  constrained by all the rules that apply to jury selection.

24      If you want to present certain evidence, you will be

25  responsible for presenting it and doing it in a lawful manner

1    and in accordance with all of the applicable rules of evidence

2    and procedure, in other words, evidence that you want to offer

3    at trial or questions that you wish to raise.  There would be

4    no questions or evidence that you could offer or raise that

5    your counsel wouldn't themselves be able to offer or raise.

6         If you want to cross-examine Government witnesses, you

7    will have to be the one to cross-examine them, and there are

8    restrictions that can be applied in cases where an individual

9    wishes to make cross-examination of witnesses.

10        For example, in some cases, the courts may require that

11   certain questions be made in writing, for example.  Not in

12   ordinary course but in particular circumstances.  And that is

13   also permissible under the laws.  Those are lines of

14   questioning that if you had counsel, your counsel could make

15   directly and orally.  But by proceeding pro se, you may find

16   yourself in a position of having to make lines of questioning

17   in writing as opposed to through traditional cross-examination.

18        Do you understand that?

19             THE DEFENDANT:  Yes.

20        You'll not be permitted to make statements, ask questions,

21   or present evidence that run afoul of the Court's rulings or

22   the rules of evidence and procedure.  Do you understand?

23             THE DEFENDANT:  Yes.

24             THE COURT:  Do you understand that the trial judge

25   presiding in your case, Judge Gallagher, cannot give you legal

6/21/2024 Hearing

1   advice or assist you in how to conduct your defense?  Do you

2   understand that as well?

3           THE DEFENDANT:  Yes.

4           THE COURT:  As I've now explained multiple times but

5   it bears repeating, choosing to exercise your right to counsel

6   comes with serious disadvantages to your defense in this case

7   because an attorney would have significant experience in

8   training in the laws and rules of evidence and procedure that

9   would govern how your motions hearing and at trial and other

10  proceedings would be conducted and help determine the outcome

11  of these proceedings.

12      So for all these reasons I've given, it is generally

13  advisable, a good idea, far better idea, to exercise one's

14  right to counsel, especially in such a serious case as this

15  one, given the potential punishments that you face which we'll

16  go over in a moment.  And I'll be asking Ms. Hagan to go

17  through what the charges are and what the maximum penalties are

18  that those charges carry.

19      In this case, if you intend to waive your right to

20  counsel, to give up your right to counsel and proceed pro se, I

21  would caution, as I now have multiple times, and urge you to

22  reconsider.

23      But if, on the other hand, you -- and if you choose to

24  continue to exercise your right to counsel, your lawyer -- this

25  is important for you to understand as well -- would have a

1    substantial decision-making role to play in your case.  While

2    you're in full control when you're represented by counsel of

3    the fundamental decisions about your case such as whether to

4    plead guilty, whether to testify on your own behalf, your

5    attorney might be the ultimate decision-maker as to matters

6    such as trial strategy and tactics, what evidence to introduce,

7    what facts to stipulate to, what objections to raise and when,

8    what pretrial motions to file, what to argue in support of

9    those motions.  To the extent practicable, your decisions may

10   be made in consultation with decisions by your counsel, may be

11   made in consultation with you, but certain decisions reside

12   with your attorney if you choose to continue to invoke your

13   right to counsel as opposed to representing yourself.

14        Do you understand all that as well?

15           THE DEFENDANT:  Yes.

16           THE COURT:  And of course as to date, if you continue

17   with counsel, your counsel would be acting as your attorney as

18   an officer of the court, and your attorney would be bound by

19   rules of professional conduct and ethical rules that place

20   restrictions on what can be done in your defense and what

21   cannot be done.  If you ask your attorney to do something that

22   he or she regards as unethical, illegal or in violation of

23   rules of professional conduct, your attorney may refuse to do

24   it.

25        Do you understand that?

1          THE DEFENDANT:  Yes.

2          THE COURT:  Finally, while you have a right to

3    counsel, you do not have a right to counsel of your choosing.

4    You know this as well, as we've gone through the prior attorney

5    inquiry hearing and others as well.  You may retain, hire, pay

6    for counsel of your choice when using your own resources to

7    hire counsel, or the Court may, as it has, appoint a qualified

8    attorney to represent you.  You understand all that as well,

9    correct?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  Ms. Hagan, first of all, I

12    understand that a motions deadline has been set of July 27; is

13    that correct?

14          MS. HAGAN:  I believe that is correct, Your Honor.

15          THE COURT:  And a motions hearing has been set for --

16          MS. HAGAN:  September.

17          THE COURT:  July 27 -- I'm sorry, September 27 --

18          MS. HAGAN:  September 27th.

19          THE COURT:  Yes?

20          MS. HAGAN:  Yes, September 27th.

21          MS. WHALEN:  Judge, I think the motions deadline is

22    the 19th of July.

23          THE COURT:  19th.  I admit I wrote that down

24    incorrectly.  So the deadline for motions in this case is

25    July 19, and there is a hearing set for September 27, a hearing

 1   before Judge Gallagher on those motions.

 2          MS. HAGAN:  Yes.

 3          THE COURT:  Would you like a moment, Ms. Whalen or

 4   Mr. Hightower?

 5          THE DEFENDANT:  No.

 6          THE COURT:  Okay.  All right, so Ms. Hagan, can you

 7   go through which counts are in the case -- I understand there

 8   are all of them -- but what those charges are and the maximum

 9   penalties that they carry?

10          MS. HAGAN:  Yes, Your Honor.  Mr. Hightower is

11   charged with five different counts.  Count 1 of the indictment

12   charges him with conspiracy to murder a witness through witness

13   retaliation.  The maximum penalty is life and/or death.

14   However, the Government is not seeking the death penalty in

15   this matter.

16       Count 2 is witness retaliation, murder.  Again, the

17   maximum penalty is life and/or death.

18       Count 3, conspiracy to murder a witness through witness

19   tampering.  The maximum penalty is life and/or death.

20       Count 4 is witness tampering, murder.  The maximum penalty

21   is life and/or death.

22       And Count 5 is murder for hire conspiracy, maximum penalty

23   is life and/or death.

24          THE COURT:  Are you in a position to shed light on

25   what the -- Mr. Hightower's advisory sentencing guidelines

1    range would be if he were convicted?

2              MS. HAGAN:  Life.

3              THE COURT:  Okay, thank you.

4        Mr. Hightower, the maximum penalties that Ms. Hagan has

5    described are, of course, the maximum penalties, not

6    necessarily the sentences that you would receive.  But given

7    the history of this case, very well life in prison could be the

8    sentence that's imposed in this case if you are convicted.

9        Do you understand that?

10             THE DEFENDANT:  Yes.

11             THE COURT:  The U.S. Sentencing Guidelines, if you

12   are convicted and proceed to -- if you are convicted, there

13   would be a sentencing here.  The district judge would be

14   obligated to compute what guideline range applies to the case

15   under the U.S. Sentencing Guidelines.  Those guidelines are not

16   mandatory, but the Court must calculate what those advisory

17   guidelines provide in this case.

18       Your sentence then would be decided based on various

19   factors set out in the relevant statute, the relevant law

20   passed by Congress, 18 U.S. Code, 3553(a), including the nature

21   and circumstances of the offense, your history and

22   characteristics, and the need for the sentence to deter you and

23   others in the community from committing these crimes, the need

24   for just punishment, the need to impart respect for the law and

25   other factors.

1    Do you understand all that as well?

2        THE DEFENDANT:  Yes.

3        THE COURT:  Again, a trained and experienced criminal

4    defense lawyer would be familiar with all the relevant

5    statutes, the sentencing guidelines, all other considerations

6    and experience and strategies that bear on sentencing and

7    employ their knowledge and experience to advocate for a lower

8    sentence for you if you're ultimately convicted on the charges

9    that you're charged with.

10    Do you understand that?

11        THE DEFENDANT:  Yes.

12        THE COURT:  So again, as I'll reiterate the choice,

13    the Sixth Amendment entitles you to representation of counsel,

14    but it also entitles you to give up, if you knowingly and

15    intelligently and voluntarily waive that right, you have a

16    right to proceed to represent yourself.

17    So in light of everything that I've now gone over and

18    reiterated to you, do you choose to exercise your right to

19    counsel and continue to be represented by counsel, or do you

20    wish to waive, to give up that right, and instead represent

21    yourself?

22        THE DEFENDANT:  I wish to waive my right to counsel

23    and represent myself.

24        THE COURT:  All right.  So just to confirm, you wish

25    to exercise your right to represent yourself in this case,

```
 1    including with regard to filing any motions, any motions

 2    hearing, trial, sentencing, any other proceedings that may

 3    arise in the trial court in this case; is that correct?

 4              THE DEFENDANT:  Yes.

 5              THE COURT:  And so you waive your right under the

 6    Sixth Amendment to appointment of counsel?

 7              THE DEFENDANT:  Yes.

 8              THE COURT:  Has anyone forced or threatened you to

 9    get you to waive your right to counsel?

10              THE DEFENDANT:  No.

11              THE COURT:  Are you waiving your right to counsel

12    freely and voluntarily?

13              THE DEFENDANT:  Yes.

14              THE COURT:  Are you waiving your right to counsel

15    knowingly and intelligently?

16              THE DEFENDANT:  Yes.

17              THE COURT:  You are aware that the Government has

18    trained and experienced attorneys representing it in its

19    prosecution of you and that by waiving your right to counsel

20    and proceeding pro se, representing yourself, you may be

21    putting your defense at a serious disadvantage; you understand

22    that, right?

23              THE DEFENDANT:  Yes.

24              THE COURT:  You understand that all of the

25    disadvantages that I went over earlier with regard -- that flow
```

1    from, are the result of your lack of legal training and

2    experience and practice may increase the likelihood that your

3    pretrial motions, if any, will be denied, and that the jury may

4    return a verdict that you are guilty on some or all of the

5    offenses charged against you for all the reasons that I've

6    explained earlier.  You understand all that, right?

7              THE DEFENDANT:  Yes.

8              THE COURT:  Are you waiving your right to counsel who

9    would be aware of the potential penalties that you face if

10   convicted of the offenses charged against you, as I and

11   Ms. Hagan described?

12             THE DEFENDANT:  Yes.

13             THE COURT:  In light of all this, I would continue to

14   urge you to reconsider this decision, this decision to waive

15   your right to counsel and to proceed to represent yourself.

16   But that said, the decision is yours to make.  So do you still

17   wish to waive your right to counsel and represent yourself from

18   this point forward in this criminal case?

19             THE DEFENDANT:  Yes.

20             THE COURT:  All right.  Can you describe to me what

21   it is that you are giving up by going down this path.

22             THE DEFENDANT:  I'm giving up my right to counsel.

23             THE COURT:  And what else?  What other advantages

24   would you be giving up?

25             THE DEFENDANT:  To have counsel and their experience,

1  file things for me or do jury instructions and -- everything

2  you just went over.  I understand.

3            THE COURT:  All right.  You also understand you

4  couldn't then later argue what's called ineffective assistance

5  of counsel if -- there are --

6            THE DEFENDANT:  I understand.

7            THE COURT:  Post trial, if people are convicted, can

8  raise arguments that their counsel are ineffective.  I have no

9  reason to believe that Ms. Whalen or Mr. Goldman would be

10  anything remotely ineffective.  To the contrary, they would

11  have all the experience and do a fantastic job for you.  But if

12  you have counsel, subsequently there are proc -- after a trial

13  and conviction and appeal, there can be avenues available to

14  argue that your counsel was ineffective.  But if you are your

15  own counsel, you can't make those arguments.

16      Do you understand that?

17            THE DEFENDANT:  Yes.

18            THE COURT:  All right.  As much as I believe this is

19  an inadvisable choice, I find that you have voluntarily,

20  knowingly and intelligently waived your right to counsel in

21  this matter and asserted your right to self-representation and

22  that you have done so clearly and unequivocally.  Your

23  assertion of your right to self-representation is timely.  The

24  trial in this matter has not commenced -- Ms. Hagan, has a

25  trial date been set?

1          MS. HAGAN:  No, Your Honor.

2          THE COURT:  Right, and a trial date has not been set.

3     Based on your conduct before me and you have appeared

4     previously before me for an attorney inquiry hearing and

5     everything that you and your counsel have explained to me, I

6     believe that you are competent to have made this decision and

7     that you've made this decision unequivocally.  So that means,

8     Mr. Hightower, that you will proceed pro se in defense of this

9     case.

10         Ms. Whalen, do you have a view on or position on whether

11    you are to remain as standby counsel in this case?

12         MS. WHALEN:  Your Honor, I believe Mr. Goldman and I

13    are more than happy, if the Court wishes us to remain standby

14    counsel, to do so.  I will say that in the past, Mr. Hightower

15    has indicated he does not wish to have standby counsel.

16         THE COURT:  All right.  Mr. Hightower, you have an

17    absolute right to represent yourself.  I have now granted your

18    motion, your request, to proceed to represent yourself.  But I

19    will also have Ms. Whalen and Mr. Goldman remain as standby

20    counsel.  Standby counsel is an attorney who will be available

21    to you during court proceedings to offer advice and information

22    as needed, but standby counsel will not represent you in court,

23    will not make arguments or advocate for you, will not examine

24    witnesses or make any decisions in your case.  All that would

25    be your responsibility as pro se, as a self-represented

1    litigant.  But standby counsel will be available to answer your

2    questions as needed and provide that consultation -- provided

3    that such consultation is not disruptive to court proceedings.

4    Mr. Hightower, your counsel will be asked to remain as standby

5    counsel in accordance with whatever restrictions are placed on

6    that role by the presiding judge at any upcoming proceedings or

7    trial.

8         Ms. Hagan, is there anything from your perspective to add

9    or that you'd like to put on the record at this time?

10             MS. HAGAN:  No, Your Honor.  Thank you.

11             THE COURT:  Ms. Whalen, is there anything further

12   that you would wish to put on the record or advise

13   Mr. Hightower on the record either in open court or to return

14   to a sealed proceeding?

15             MS. WHALEN:  No, Your Honor.  Thank you.

16             THE COURT:  All right.  Mr. Hightower, is there

17   anything else you wish to say or put on the record at this

18   time?

19             THE DEFENDANT:  No.

20             THE COURT:  In that event, this proceeding has

21   concluded and, Mr. Hightower, as much as I have now reiterated

22   multiple times, you will be disadvantaged by this decision that

23   you've made but it's your right to make that decision.  If

24   circumstances change and you wish to reinvoke your right to

25   counsel, you would need to do that in writing to the Court, but

1    absent such a request, you are representing yourself from this

2    point forward.  Do you understand?

3                THE DEFENDANT:  Yes.

4                THE COURT:  Okay.  Thank you, everybody.

5                MS. WHALEN:  Thank you, Your Honor.

6                MS. HAGAN:  Thank you.

7                THE CLERK:  All rise.  This Honorable Court now

8    stands in recess.

9        (Proceedings concluded at 11:18 a.m.)

10

11

12                CERTIFICATE OF OFFICIAL REPORTER

13        I, Patricia G. Mitchell, RMR, CRR, do hereby certify that
     the foregoing is a correct transcript of the audio-recorded
14    proceedings in the above-entitled matter, audio recorded via
     FTR Gold on June 21, 2024, and transcribed from the audio
15    recording to the best of my ability and that said transcript
     has been compared with the audio recording.
16

17        Dated this 23rd day of December 2024.

18

19                        _Patricia G. Mitchell_

20                        _____
                              Patricia G. Mitchell
21                            Official Court Reporter

22

23

24

25

**< Dates >**.
**August 23, 2024** 1:17.
**December 2024.**
    26:23.
**February** 3:10.
**July** 17:22.
**July 19,** 17:25.
**July 27** 17:12.
**July 27** 17:17.
**June 21, 2024,** 26:20.
**September** 17:16.
**September 27** 17:17.
**September 27,** 17:25.
**September 27th** 17:18, 17:20.
**September 27th, 2024.**
    3:5.

**< 1 >**.
**1** 18:11.
**10** 2:2.
**11** 26:9.
**16** 2:2.
**18** 19:20, 26:9.
**1975** 7:1.
**19th** 17:22, 17:23.
**1:** 1:10.

**< 2 >**.
**2** 18:16.
**20910** 1:40.
**21201** 1:32.
**22314** 1:45.
**23-0186** 2:8.
**23rd** 26:23.

**< 3 >**.
**3** 18:18.
**3-cr-00186-sag-1** 1:10.
**3553(a** 19:20.
**36** 1:31.

**< 4 >**.
**4** 18:20.
**400** 1:39.
**421** 1:44.

**4th** 1:31.

**< 5 >**.
**5** 18:22.
**505** 1:44.

**< 8 >**.
**801** 1:39.

**< A >**.
**a.m.** 2:2, 26:9.
**Aaron** 1:29, 2:7.
**ABELSON** 1:22.
**ability** 5:6, 26:21.
**able** 5:1, 14:5.
**above-entitled** 26:19.
**absent** 26:1.
**absolute** 24:17.
**accommodate** 9:12.
**accordance** 14:1, 25:5.
**acting** 16:17.
**ADAM** 1:22.
**add** 25:8.
**addition** 3:6.
**admit** 17:23.
**advantage** 10:25, 11:25.
**advantages** 22:23.
**advice** 15:1, 24:21.
**advisable** 15:13.
**advise** 5:13, 7:7, 25:12.
**advisory** 18:25, 19:16.
**advocate** 20:7, 24:23.
**affect** 10:21.
**afoul** 14:21.
**alcohol** 5:5.
**Alexandria** 1:45.
**allow** 6:7.
**allowed** 3:10.
**already** 8:1.
**Although** 3:20.
**ambivalence** 6:3.
**amended** 9:11.
**Amendment** 3:25, 5:14, 6:2, 20:13, 21:6.
**amendments** 11:3.
**AMERICA** 1:5.

**and/or** 18:13, 18:17, 18:19, 18:21, 18:23.
**answer** 25:1.
**answers** 6:22, 6:24.
**appeal** 11:14, 11:19, 12:1, 12:4, 23:13.
**appealing** 11:15.
**Appeals** 11:15, 11:18.
**appeared** 24:3.
**appellate** 12:2.
**applicable** 9:21, 11:13, 14:1.
**applied** 14:8.
**applies** 19:14.
**apply** 8:11, 12:22, 12:23, 13:23.
**appoint** 17:7.
**appointment** 21:6.
**appreciate** 8:22.
**approach** 10:13.
**appropriate** 13:22.
**approximately** 3:9.
**areas** 11:8.
**argue** 11:1, 16:8, 23:4, 23:14.
**argued** 10:20.
**arguing** 11:6, 13:3.
**argument** 13:18, 13:20.
**arguments** 10:13, 11:16, 11:18, 11:22, 12:14, 12:21, 13:3, 23:8, 23:15, 24:23.
**arise** 21:3.
**around** 5:24.
**aside** 9:11.
**aspect** 13:16.
**aspects** 10:13.
**asserted** 23:21.
**assertion** 23:23.
**assist** 15:1.
**assistance** 5:15, 6:1, 23:4.
**Attorney** 1:21, 1:30, 2:9, 2:19, 2:21, 3:3, 3:10, 4:16, 6:9, 7:20, 10:18, 11:12, 15:7, 16:5, 16:12, 16:17, 16:18, 16:21, 16:23, 17:4, 17:8, 24:4, 24:20.

**attorney-client** 3:19, 3:22, 4:1.
**attorneys** 7:18, 7:22, 21:18.
**Audio** 1:49, 26:19, 26:20, 26:22.
**audio-recorded** 26:18.
**available** 23:13, 24:20, 25:1.
**Avenue** 1:39.
**avenues** 23:13.
**aware** 5:9, 7:17, 8:1, 8:2, 8:16, 21:17, 22:9.
**awareness** 8:10.

**< B >**.
**B.** 1:22.
**Baltimore** 1:16, 1:32.
**Based** 10:24, 19:18, 24:3.
**bear** 20:6.
**bears** 15:5.
**beginning** 4:18.
**behalf** 2:7, 2:12, 2:13, 13:18, 16:4.
**believe** 3:3, 7:25, 17:14, 23:9, 23:18, 24:6, 24:12.
**benefit** 8:17, 10:1, 11:4, 11:6.
**benefits** 9:22.
**bent** 9:10.
**best** 26:21.
**better** 15:13.
**body** 8:10.
**bound** 16:18.

**< C >**.
**calculate** 19:16.
**California** 7:2.
**call** 2:5, 4:18.
**called** 6:25, 7:1, 23:4.
**calling** 2:7.
**carefully** 7:8.
**carries** 7:24.
**carry** 13:9, 15:18, 18:9.
**cases** 14:8, 14:10.
**caution** 15:21.

**certain** 6:21, 8:20, 13:24, 14:11, 16:11 .
**certainty** 6:4 .
**CERTIFICATE** 26:15 .
**certify** 26:17 .
**change** 25:24 .
**characteristics** 19:22 .
**charged** 10:12, 18:11, 20:9, 22:5, 22:10 .
**charges** 15:17, 15:18, 18:8, 18:12, 20:8 .
**Charles** 1:31 .
**choice** 5:20, 7:15, 7:17, 7:19, 7:24, 13:7, 13:8, 17:6, 20:12, 23:19 .
**choose** 4:20, 6:8, 6:20, 9:12, 12:25, 13:14, 15:23, 16:12, 20:18 .
**choosing** 15:5, 17:3 .
**circumstances** 14:12, 19:21, 25:24 .
**clear** 8:1 .
**clearly** 23:22 .
**CLERK** 26:7 .
**close** 2:22 .
**closing** 3:23, 12:14, 12:21, 13:3, 13:18, 13:20 .
**Code** 19:20 .
**colloquy** 6:25 .
**comes** 15:6 .
**commenced** 23:24 .
**comments** 7:9 .
**committing** 19:23 .
**communications** 3:18 .
**community** 19:23 .
**compared** 26:22 .
**compelling** 3:24 .
**competent** 24:6 .
**completely** 7:17 .
**complex** 8:10, 9:16, 13:16 .
**compute** 19:14 .
**Computer-aided** 1:50 .
**concluded** 25:21, 26:9 .
**conduct** 15:1, 16:19, 16:23, 24:3 .
**conducted** 3:20, 4:16, 15:10 .
**confidential** 3:22 .
**confirm** 4:20, 20:24 .

**Congress** 10:11, 19:20 .
**consider** 6:22, 7:3, 12:3 .
**considerations** 20:5 .
**conspiracy** 18:12, 18:18, 18:22 .
**Constitution** 5:15 .
**constrained** 13:23 .
**consultation** 16:10, 16:11, 25:2, 25:3 .
**continue** 15:24, 16:12, 16:16, 20:19, 22:13 .
**contrary** 23:10 .
**control** 16:2 .
**convicted** 11:19, 11:24, 12:3, 19:1, 19:8, 19:12, 20:8, 22:10, 23:7 .
**conviction** 11:23, 23:13 .
**Correct** 8:4, 8:5, 17:9, 17:13, 17:14, 21:3, 26:18 .
**counsel.** 4:7 .
**Count** 18:11, 18:16, 18:18, 18:20, 18:22 .
**counts** 18:7, 18:11 .
**course** 3:12, 8:23, 14:12, 16:16, 19:5 .
**court-appointed** 4:21 .
**courts** 14:10 .
**crimes** 10:12, 19:23 .
**Criminal** 1:9, 5:16, 8:12, 9:8, 9:16, 10:9, 12:7, 20:3, 22:18 .
**cross-examination** 12:21, 13:2, 14:9, 14:17 .
**cross-examine** 14:6, 14:7 .
**cross-examining** 12:11 .
**CRR** 26:17 .
**currently** 3:4 .

.

**< D >** .
**Daniel** 1:42, 1:43, 2:13 .
**date** 16:16, 23:25, 24:2 .
**Dated** 26:23 .

**day** 26:23 .
**deadline** 17:12, 17:21, 17:24 .
**death** 18:13, 18:14, 18:17, 18:19, 18:21, 18:23 .
**decades** 9:18 .
**decide** 9:6, 13:21 .
**decided** 19:18 .
**deciding** 10:22, 10:25 .
**decision** 9:25, 22:14, 22:16, 24:6, 24:7, 25:22, 25:23 .
**decision-maker** 16:5 .
**decision-making** 16:1 .
**decisions** 16:3, 16:9, 16:10, 16:11, 24:24 .
**defend** 10:3 .
**defending** 5:17 .
**defense** 3:7, 3:15, 5:16, 6:21, 7:21, 8:17, 8:21, 9:2, 9:24, 10:10, 12:8, 12:14, 12:21, 13:2, 13:9, 15:1, 15:6, 16:20, 20:4, 21:21, 24:8 .
**defining** 10:11 .
**delivering** 13:19 .
**denied** 22:3 .
**describe** 22:20 .
**described** 19:5, 22:11 .
**deter** 19:22 .
**determinations** 11:21 .
**determine** 15:10 .
**detriment** 10:2 .
**devise** 12:8 .
**different** 18:11 .
**direct** 12:20 .
**directly** 14:15 .
**disadvantage** 11:9, 13:7, 21:21 .
**disadvantaged** 25:22 .
**disadvantages** 7:25, 15:6, 21:25 .
**discovery** 3:6, 3:14, 9:10 .
**disrupt** 9:1 .
**disruptive** 25:3 .
**DISTRICT** 1:1, 1:2, 19:13 .
**DIVISION** 1:3 .
**doing** 13:25 .

**done** 16:20, 16:21, 23:22 .
**doubt** 6:3 .
**down** 17:23, 22:21 .
**drug** 5:5 .
**during** 11:20, 24:21 .

.

**< E >** .
**earlier** 21:25, 22:6 .
**early** 3:8 .
**effective** 13:9 .
**efforts** 10:3, 13:1 .
**either** 25:13 .
**Electing** 5:22, 5:24 .
**employ** 20:7 .
**English** 5:2 .
**ensuring** 3:25 .
**entitled** 6:1 .
**entitles** 20:13, 20:14 .
**envisioning** 9:2 .
**equipped** 10:4, 10:6 .
**equivocation** 6:3 .
**especially** 15:14 .
**Esquire** 1:28, 1:29, 1:37, 1:42 .
**ethical** 16:19 .
**event** 10:2, 11:18, 12:3, 25:20 .
**everybody** 26:4 .
**everyone** 2:3, 9:17 .
**everything** 20:17, 23:1, 24:5 .
**Evidence** 8:12, 9:8, 12:12, 13:24, 14:1, 14:2, 14:4, 14:21, 14:22, 15:8, 16:6 .
**examination** 12:20 .
**examine** 24:23 .
**example** 14:10, 14:11 .
**exercise** 5:18, 6:5, 6:8, 7:4, 7:15, 7:20, 15:5, 15:13, 15:24, 20:18, 20:25 .
**expectations** 10:19 .
**experience** 8:8, 8:22, 9:18, 10:24, 11:7, 11:25, 12:9, 13:5, 15:7, 20:6, 20:7, 22:2, 22:25, 23:11 .
**experienced** 9:19, 10:9, 12:7, 20:3, 21:18 .

**explained** 15:4, 22:6, 24:5 .
**expressly** 6:16 .
**extent** 3:16, 16:9 .
**eye** 11:15, 11:22 .
.
.
**< F >** .
**face** 15:15, 22:9 .
**fact** 7:18, 9:12 .
**factors** 19:19, 19:25 .
**facts** 16:7 .
**familiar** 10:11, 20:4 .
**familiarity** 10:18, 11:12 .
**fantastic** 23:11 .
**far** 4:24, 15:13 .
**Faretta** 1:21, 4:18, 6:25, 7:2 .
**Federal** 8:11, 8:12, 9:7, 9:8 .
**felony** 9:16 .
**file** 13:15, 16:8, 23:1 .
**filing** 21:1 .
**Finally** 17:2 .
**find** 3:19, 14:15, 23:19 .
**findings** 2:24 .
**first** 2:21, 17:11 .
**five** 18:11 .
**Floor** 1:31 .
**flow** 21:25 .
**following** 4:8, 7:8 .
**forced** 21:8 .
**foregoing** 26:18 .
**forward** 22:18, 26:2 .
**four** 3:13 .
**freely** 21:12 .
**FTR** 26:20 .
**full** 8:10, 16:2 .
**fully** 8:22 .
**fundamental** 16:3 .
**future** 11:18 .
.
.
**< G >** .
**G.** 26:17, 26:29 .
**Gallagher** 14:25, 18:1 .
**generally** 3:21, 15:12 .
**give** 14:25, 15:20, 20:14, 20:20 .

**given** 2:20, 10:21, 15:12, 15:15, 19:6 .
**gives** 5:15 .
**giving** 5:21, 5:25, 6:10, 6:17, 22:21, 22:22, 22:24 .
**Gold** 26:20 .
**Goldman** 1:42, 1:43, 2:13, 10:10, 23:9, 24:12, 24:19 .
**govern** 15:9 .
**Government** 1:26, 2:22, 3:1, 3:14, 4:2, 4:7, 7:18, 7:22, 12:12, 12:13, 14:6, 18:14, 21:17 .
**grand** 3:11, 3:13 .
**granted** 24:17 .
**grasp** 8:10, 12:9 .
**great** 10:25, 11:25 .
**guideline** 19:14 .
**Guidelines** 18:25, 19:11, 19:15, 19:17, 20:5 .
**guilt** 10:23 .
**guilty** 13:10, 16:4, 22:4 .
.
.
**< H >** .
**H.** 1:42 .
**HAGAN** 1:28, 2:5, 2:6, 3:2, 4:5, 4:9, 4:11, 4:13, 4:14, 15:16, 17:11, 17:14, 17:16, 17:18, 17:20, 18:2, 18:6, 18:10, 19:2, 19:4, 22:11, 23:24, 24:1, 25:8, 25:10, 26:6 .
**hand** 5:19, 6:15, 15:23 .
**happen** 9:3 .
**happens** 5:7 .
**happy** 24:13 .
**hazards** 7:25 .
**heard** 5:14 .
**HEARING** 1:21, 2:9, 2:19, 2:20, 2:21, 2:23, 3:3, 3:4, 4:16, 4:18, 8:24, 10:5, 10:14, 13:14, 13:15, 15:9, 17:5, 17:15, 17:25, 21:2, 24:4 .
**hearings** 4:23 .

**held** 4:8 .
**help** 15:10 .
**hereby** 26:17 .
**Hightower** 1:10, 2:8, 2:12, 2:14, 2:16, 2:20, 3:4, 3:11, 3:17, 4:14, 4:16, 4:19, 5:10, 5:13, 8:3, 13:13, 18:4, 18:10, 18:25, 19:4, 24:8, 24:14, 24:16, 25:4, 25:13, 25:16, 25:21 .
**hire** 17:5, 17:7, 18:22 .
**history** 19:7, 19:21 .
**hold** 9:22 .
**Honor** 2:6, 2:11, 3:2, 4:11, 5:12, 17:14, 18:10, 24:1, 24:12, 25:10, 25:15, 26:5 .
**Honorable** 1:22, 26:7 .
.
.
**< I >** .
**idea** 15:13 .
**illegal** 16:22 .
**impart** 19:24 .
**implement** 12:9 .
**important** 15:25 .
**impose** 9:24 .
**imposed** 19:8 .
**inadvisable** 23:19 .
**includes** 4:22 .
**including** 8:11, 9:9, 9:18, 10:14, 11:8, 19:20, 21:1 .
**incorrectly** 17:24 .
**increase** 22:2 .
**indicated** 24:15 .
**indictment** 3:7, 18:11 .
**individual** 14:8 .
**ineffective** 23:4, 23:8, 23:10, 23:14 .
**influence** 5:4 .
**inform** 9:25, 10:12, 10:19, 11:13 .
**information** 9:24, 24:21 .
**informed** 12:8, 13:5 .
**innocence** 10:23 .
**inquire** 3:17 .
**INQUIRY** 1:21, 2:9, 2:19,

2:21, 3:3, 4:16, 6:25, 17:5, 24:4 .
**instead** 20:20 .
**instructions** 10:20, 10:21, 10:22, 10:23, 11:1, 11:2, 11:3, 11:7, 11:8, 12:15, 12:16, 12:22, 13:4, 23:1 .
**intelligence** 8:7 .
**intelligently** 6:24, 20:15, 21:15, 23:20 .
**intend** 15:19 .
**interest** 3:21, 3:24 .
**interests** 5:6 .
**interfere** 5:4 .
**introduce** 16:6 .
**investigation** 3:12 .
**invoke** 5:24, 16:12 .
**involved** 9:18 .
**issues** 11:4, 11:5, 11:6, 11:8, 11:14, 11:15, 11:16, 11:22, 12:1 .
.
.
**< J >** .
**Jencks** 3:8 .
**job** 23:11 .
**Judge** 1:22, 14:24, 14:25, 17:21, 18:1, 19:13, 25:6 .
**judicial** 3:24 .
**jurors** 12:11, 13:22 .
**Jury** 3:12, 3:13, 10:20, 10:21, 10:22, 11:1, 11:6, 11:8, 12:10, 12:15, 12:21, 13:1, 13:4, 13:18, 13:20, 13:21, 13:23, 22:3, 23:1 .
**justify** 3:23 .
.
.
**< K >** .
**Kim** 1:28, 2:6 .
**King** 1:44 .
**knowingly** 6:23, 20:14, 21:15, 23:20 .
**knowledge** 8:25, 20:7 .
.
.
**< L >** .

lack 6:4, 8:25, 22:1 .
later 23:4 .
Law 1:38, 1:43, 8:4, 9:13,
    9:19, 10:24, 11:25, 12:9,
    19:19, 19:24 .
lawful 13:25 .
laws 8:11, 8:16, 9:21, 9:22,
    9:23, 10:11, 10:19,
    11:13, 14:13, 15:8 .
lawyer 10:4, 10:10, 12:8,
    15:24, 20:4 .
lawyers 9:18 .
lead 11:22 .
legal 12:1, 13:5, 14:25,
    22:1 .
less 13:9 .
Life 18:13, 18:17, 18:19,
    18:21, 18:23, 19:2,
    19:7 .
light 18:24, 20:17,
    22:13 .
likelihood 22:2 .
likely 13:6 .
limitations 8:21, 9:23 .
lines 14:13, 14:16 .
Listen 7:8 .
litigant 25:1 .
local 9:9 .
lodging 12:12 .
lower 20:7 .
.
.
< M > .
MAGISTRATE 1:22 .
maintain 4:17 .
mandatory 19:16 .
manner 13:25 .
Maryland 1:2, 1:16 .
material 3:9 .
materials 3:6, 3:12,
    3:13 .
matter 4:11, 9:17, 18:15,
    23:21, 23:24, 26:19 .
matters 3:22, 16:5 .
Matthew 1:10, 2:8 .
maximum 15:17, 18:8,
    18:13, 18:17, 18:19,
    18:20, 18:22, 19:4,
    19:5 .
MD 1:32, 1:40 .

meaning 11:16 .
means 5:21, 5:22, 5:25,
    8:6, 8:9, 24:7 .
medication 5:5 .
meetings 3:9 .
Mitchell 26:17, 26:29 .
moment 15:16, 18:3 .
morning 2:3, 2:4, 2:6, 2:11,
    2:15, 2:16, 2:17 .
motion 24:18 .
motions 3:4, 4:22, 8:24,
    10:14, 13:14, 13:15,
    15:9, 16:8, 16:9, 17:12,
    17:15, 17:21, 17:24,
    18:1, 21:1, 22:3 .
move 13:22 .
multiple 15:4, 15:21,
    25:22 .
murder 18:12, 18:16,
    18:18, 18:20, 18:22 .
myself 6:22, 20:23 .
.
.
< N > .
named 6:25 .
nature 19:20 .
necessarily 5:20, 6:10,
    19:6 .
need 6:21, 9:25, 19:22,
    19:23, 19:24, 25:25 .
needed 24:22, 25:2 .
new 11:23 .
NO. 1:9 .
NORTHERN 1:3 .
note 3:2, 4:9, 7:9, 7:10 .
notes 7:9 .
.
.
< O > .
objecting 12:15 .
objections 12:12, 13:2,
    16:7 .
obligated 6:6, 19:14 .
offense 19:21 .
offenses 22:5, 22:10 .
offer 14:2, 14:4, 14:5,
    24:21 .
Office 1:30, 1:38, 1:43,
    3:10 .
officer 16:18 .

Official 26:15, 26:30 .
Okay 3:16, 4:12, 18:6, 19:3,
    26:4 .
one 4:23, 5:18, 5:19, 7:22,
    13:19, 14:7, 15:13,
    15:15 .
ongoing 3:5, 3:8 .
open 4:8, 25:13 .
opening 12:11, 12:20, 13:1,
    13:17, 13:20 .
opposed 14:17, 16:13 .
options 8:15, 9:22 .
orally 14:15 .
order 6:15, 6:22 .
ordering 11:23 .
orders 9:10 .
ordinary 14:12 .
others 17:5, 19:23 .
outcome 15:10 .
outside 2:22, 4:6 .
overall 13:8 .
overturning 11:23 .
own 6:21, 16:4, 17:6,
    23:15 .
.
.
< P > .
paper 7:12 .
participate 13:21 .
particular 10:20, 12:15,
    13:3, 14:12 .
passed 10:11, 19:20 .
past 24:14 .
path 22:21 .
Patricia 26:17, 26:29 .
pay 17:5 .
pen 7:10, 7:12 .
penalties 15:17, 18:9, 19:4,
    19:5, 22:9 .
penalty 18:13, 18:14,
    18:17, 18:19, 18:20,
    18:22 .
pending 5:16 .
people 23:7 .
permissible 14:13 .
permitted 6:15, 14:20 .
perspective 3:14, 25:8 .
place 16:19 .
placed 25:5 .
Plaintiff 1:7 .

plan 10:4 .
plans 9:1, 9:2 .
play 16:1 .
plead 16:4 .
PLLC 1:43 .
point 22:18, 26:2 .
portion 2:23, 2:25, 3:19,
    3:23, 4:18, 4:19 .
position 8:6, 11:20, 12:2,
    14:16, 18:24, 24:10 .
Post 23:7 .
potential 11:14, 12:10,
    13:22, 15:15, 22:9 .
potentially 11:22 .
practicable 16:9 .
practice 8:4, 9:19, 10:14,
    22:2 .
prefer 6:14 .
preparations 9:1 .
prepare 10:4 .
presence 2:22, 4:6 .
present 2:14, 12:13, 13:24,
    14:21 .
presenting 12:13, 13:2,
    13:25 .
preserve 11:14 .
Preserving 11:16,
    12:1 .
presiding 14:25, 25:6 .
pretrial 16:8, 22:3 .
previously 24:4 .
prior 17:4 .
priority 6:5 .
prison 19:7 .
privilege 3:19, 3:23,
    4:1 .
pro 4:15, 14:15, 15:20,
    21:20, 24:8, 24:25 .
probably 11:9 .
proc 23:12 .
Procedure 8:12, 9:8, 14:2,
    14:22, 15:8 .
proceed 2:21, 2:25, 4:4,
    4:15, 4:17, 4:21, 5:17,
    5:22, 15:20, 19:12,
    20:16, 22:15, 24:8,
    24:18 .
proceeding 2:24, 3:20,
    3:23, 4:3, 4:6, 4:20,
    10:2, 14:15, 21:20,

25:14, 25:20 .
**Proceedings** 1:20, 1:49,
3:21, 5:11, 8:25, 9:3,
10:5, 10:15, 11:21,
15:10, 15:11, 21:2,
24:21, 25:3, 25:6, 26:9,
26:19 .
**process** 3:6, 3:14 .
**Produced** 1:50 .
**productive** 3:6 .
**professional** 16:19,
16:23 .
**prosecution** 7:19,
21:19 .
**protect** 6:7 .
**protected** 3:18, 3:22,
4:1 .
**provide** 19:17, 25:2 .
**provided** 3:7, 25:2 .
**providing** 3:8 .
**public** 3:21, 3:24 .
**punishment** 19:24 .
**punishments** 15:15 .
**purpose** 4:19 .
**put** 3:1, 25:9, 25:12,
25:17 .
**putting** 21:21 .
.
.
**< Q >** .
**qualified** 17:7 .
**question** 12:10 .
**questioning** 14:14,
14:16 .
**questions** 6:21, 6:24, 7:9,
7:10, 7:13, 14:3, 14:4,
14:11, 14:20, 25:2 .
.
.
**< R >** .
**raise** 14:3, 14:4, 14:5, 16:7,
23:8 .
**range** 19:1, 19:14 .
**read** 5:1 .
**ready** 4:3 .
**reason** 5:9, 23:9 .
**reasons** 15:12, 22:5 .
**receive** 19:6 .
**recess** 26:8 .
**reconsider** 15:22,

22:14 .
**record** 3:1, 4:6, 4:9, 4:20,
6:16, 11:14, 12:1, 25:9,
25:12, 25:13, 25:17 .
**Recorded** 1:49, 26:19 .
**Recording** 1:49, 26:21,
26:22 .
**refuse** 16:23 .
**regard** 9:10, 11:6, 12:20,
13:16, 21:1, 21:25 .
**regards** 16:22 .
**reinvoke** 25:24 .
**reiterate** 8:1, 20:12 .
**reiterated** 20:18,
25:21 .
**relevant** 19:19, 20:4 .
**remain** 7:17, 24:11, 24:13,
24:19, 25:4 .
**remotely** 23:10 .
**render** 13:8 .
**repeating** 15:5 .
**Reporter** 26:15, 26:30 .
**represent** 4:15, 4:22, 5:20,
5:23, 5:24, 6:7, 6:9,
6:10, 6:14, 6:20, 7:4,
7:16, 7:24, 9:7, 9:12,
12:25, 13:4, 13:7, 13:8,
13:14, 17:8, 20:16,
20:20, 20:23, 20:25,
22:15, 22:17, 24:17,
24:18, 24:22 .
**representation** 4:21, 11:5,
20:13 .
**represented** 5:19, 16:2,
20:19 .
**representing** 7:18, 7:21,
7:22, 9:20, 16:13, 21:18,
21:20, 26:1 .
**request** 2:19, 3:17, 4:17,
11:2, 11:3, 24:18,
26:1 .
**requested** 4:14 .
**requesting** 12:14 .
**require** 3:17, 14:10 .
**reside** 16:11 .
**resources** 17:6 .
**respect** 3:25, 19:24 .
**responsibilities** 13:17 .
**responsibility** 24:25 .
**responsible** 13:19,

13:25 .
**restrictions** 8:21, 9:23,
14:8, 16:20, 25:5 .
**result** 22:1 .
**retain** 17:5 .
**retaliation** 18:13,
18:16 .
**return** 22:4, 25:13 .
**returned** 4:10 .
**review** 3:9, 3:11, 12:2 .
**rights** 3:25, 5:18, 6:4, 8:15,
9:21 .
**rise** 2:20, 26:7 .
**risks** 7:25, 13:10 .
**RMR** 26:17 .
**role** 16:1, 25:6 .
**rolling** 3:8 .
**Rules** 8:11, 8:12, 8:16, 9:7,
9:8, 9:9, 9:21, 9:22,
9:24, 10:19, 12:19,
12:22, 13:23, 14:1,
14:22, 15:8, 16:19,
16:23 .
**rulings** 14:21 .
**run** 14:21 .
.
.
**< S >** .
**satisfy** 6:22 .
**saying** 10:25 .
**scheduled** 3:4 .
**se** 4:15, 14:15, 15:20,
21:20, 24:8, 24:25 .
**seal** 2:25, 3:20, 4:3 .
**Sealed** 2:24, 4:6,
25:14 .
**seated** 2:16 .
**seek** 6:4 .
**seeking** 12:10, 18:14 .
**seeks** 12:13 .
**selecting** 12:10 .
**selection** 13:1, 13:21,
13:23 .
**self-representation** 6:6,
23:21, 23:23 .
**self-represented**
24:25 .
**sensitive** 3:21 .
**sentence** 19:8, 19:18,
19:22, 20:8 .

**sentences** 19:6 .
**Sentencing** 10:15, 13:15,
18:25, 19:11, 19:13,
19:15, 20:5, 20:6,
21:2 .
**series** 6:24 .
**serious** 13:6, 13:10, 15:6,
15:14, 21:21 .
**set** 9:11, 17:12, 17:15,
17:25, 19:19, 23:25,
24:2 .
**seven** 3:9 .
**shed** 18:24 .
**significant** 7:25, 9:17,
15:7 .
**Silver** 1:40 .
**simply** 9:11 .
**Sixth** 3:25, 5:14, 6:2, 20:13,
21:6 .
**solely** 13:19 .
**someone** 8:6, 9:13,
9:19 .
**sorry** 17:17 .
**South** 1:31 .
**span** 3:12 .
**Spring** 1:40 .
**Standby** 24:11, 24:13,
24:15, 24:19, 24:20,
24:22, 25:1, 25:4 .
**standing** 9:10 .
**stands** 26:8 .
**state** 6:16 .
**statement** 8:7, 8:8, 13:17,
13:20 .
**statements** 12:11, 12:20,
13:1, 14:20 .
**States** 1:1, 1:5, 1:30, 2:7,
2:8, 5:15, 7:1 .
**statute** 19:19 .
**statutes** 10:11, 20:5 .
**stay** 2:22 .
**step** 4:2 .
**stipulate** 16:7 .
**strategic** 9:25 .
**strategies** 10:13, 12:8,
12:9, 20:6 .
**strategy** 13:5, 16:6 .
**Street** 1:31, 1:44 .
**stretched** 9:11 .
**strike** 13:22 .

subject 8:20 .
subsequently 23:12 .
substance 5:5 .
substantial 16:1 .
Suite 1:39, 1:44 .
support 12:2, 16:8 .
supported 13:5 .
Supreme 7:1 .
surprise 8:23, 8:25 .
.
.
< T > .
tactics 10:13, 16:6 .
tampering 18:19,
    18:20 .
Teresa 1:37, 1:38, 2:11 .
terms 9:1 .
testify 16:4 .
themselves 14:5 .
third 3:3 .
thorough 3:15 .
threatened 21:8 .
three 3:13 .
timely 23:23 .
today 5:7, 5:11 .
toward 11:15 .
traditional 2:21, 14:17 .
trained 8:3, 9:19, 10:9,
    12:7, 20:3, 21:18 .
Training 8:8, 8:23, 10:6,
    10:24, 11:25, 13:6, 15:8,
    22:1 .
transcribed 26:20 .
Transcript 1:20, 1:50,
    26:18, 26:21 .
Transcription 1:50 .
trial 4:23, 8:24, 9:16, 10:5,
    10:14, 11:17, 11:23,
    12:13, 13:15, 13:19,
    14:3, 14:24, 15:9, 16:6,
    21:2, 21:3, 23:7, 23:12,
    23:24, 23:25, 24:2,
    25:7 .
two 6:4 .
.
.
< U > .
U.S. 3:10, 19:11, 19:15,
    19:20 .
ultimate 16:5 .

ultimately 20:8 .
unable 5:10 .
understanding 8:10,
    9:20 .
undertaking 9:17 .
unequivocally 23:22,
    24:7 .
unethical 16:22 .
United 1:1, 1:5, 1:30, 2:7,
    5:15, 7:1 .
until 3:5 .
untrained 9:13 .
upcoming 25:6 .
urge 15:21, 22:14 .
using 17:6 .
.
.
< V > .
VA 1:45 .
various 8:16, 19:18 .
verdict 13:10, 22:4 .
versus 2:8 .
via 26:19 .
view 24:10 .
violation 16:22 .
voluminous 3:11 .
voluntarily 6:23, 20:15,
    21:12, 23:19 .
vs 1:8, 7:2 .
.
.
< W > .
waiting 4:10 .
waive 7:16, 9:6, 15:19,
    20:15, 20:20, 20:22,
    21:5, 21:9, 22:14,
    22:17 .
waived 23:20 .
waiver 5:21 .
waiving 5:23, 5:25, 6:17,
    6:23, 21:11, 21:14,
    21:19, 22:8 .
Wayne 1:39 .
ways 10:6 .
WHALEN 1:37, 1:38, 2:11,
    2:12, 5:9, 5:12, 10:10,
    17:21, 18:3, 23:9, 24:10,
    24:12, 24:19, 25:11,
    25:15, 26:5 .
whatever 25:5 .

whether 4:20, 7:3, 7:15,
    10:19, 11:1, 11:13,
    11:16, 13:21, 16:3, 16:4,
    24:10 .
will 3:17, 8:1, 9:10, 10:23,
    11:9, 12:23, 13:20,
    13:24, 14:7, 22:3, 24:8,
    24:14, 24:19, 24:20,
    24:22, 24:23, 25:1, 25:4,
    25:22 .
wise 7:19 .
wish 4:17, 14:3, 20:20,
    20:22, 20:24, 22:17,
    24:15, 25:12, 25:17,
    25:24 .
wishes 3:1, 14:9,
    24:13 .
without 10:2, 10:25,
    12:23 .
witness 18:12, 18:16,
    18:18, 18:20 .
witnesses 12:12, 14:6,
    14:9, 24:24 .
words 6:8, 14:2 .
worth 3:13 .
write 5:1 .
writing 14:11, 14:17,
    25:25 .
wrote 17:23 .
.
.
< Y > .
Y. 1:28 .
years 3:13 .
.
.
< Z > .
Zelinsky 1:29, 2:7,
    4:10 .