IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Baltimore Division

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| v. | : | Case No.: SAG 23-186 |
| | : | |
| MATTHEW HIGHTOWER, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO MODIFY PROTECTIVE ORDER

Matthew Hightower, by and through undersigned counsel, respectfully moves this Court to modify the protective order to permit counsel to provide the Chesapeake Detention Facility with a secure, password-protected, electronic copy of discovery for Mr. Hightower's review. In making this Motion, Mr. Hightower relies upon his rights to due process, to a fair trial, to present a defense, to confront the evidence against him, to the effective assistance of counsel, to investigate and present both exculpatory and mitigating evidence, to be free from cruel and unusual punishment, and other rights protected by the Fifth, Sixth, and Eighth Amendments to the United States Constitution.

In support of this Motion, Mr. Hightower states as follows:

### Procedural Background

1. On May 18, 2023, a five-count indictment charged Mr. Hightower with Conspiracy to Murder a Witness (Retaliation), 18 U.S.C.§ 1513(f), and related charges connected to the death of L.A.

2. On August 9, 2023, a Consent Protective Order was entered without Mr. Hightower's authorization or consent.

3. Among other provisions, the Protective Order prohibits counsel from copying Protected Information discovery for provision to Mr. Hightower for his possession and independent review.

4. The Court's February 5, 2020 Standing Order 2020-01 further restricts counsel's dissemination of discovery to Mr. Hightower by providing in relevant part: "Counsel for the Defendant may not provide the Defendant with copies of the information produced" without written authorization from the prosecution. § 2.b. Standing Order 2020-01.

5. On August 25, 2023, the government provided Discovery Production One, which included 1,624 documents (roughly 2,300 pages) and several media files. On September 19, 2023, counsel asked the government if the materials could be provided to Mr. Hightower, as required under the Protective Order. The government consented to 109 unredacted documents and 5 redacted documents being left with Mr. Hightower. On November 3, 2023, the government authorized some trial transcripts and exhibits from the Carter and Mosley trial to be left with Mr. Hightower, but a blanket request to leave discovery with Mr. Hightower was denied.

6. Apart from a small subset of discovery, the government has denied requests by counsel to provide copies of each discovery production to Mr. Hightower for review in his cell at the Chesapeake Detention Facility, citing the Standing Order and Protective Order.

7. In recent weeks, the government has provided folders of Jencks materials for Mr. Hightower's review in the lockup at the courthouse, but he remains unable to review discovery in his cell, where he spends the vast majority of his time and would have the most opportunity to conduct meaningful review.

8. Mr. Hightower thus asks the Court to modify the Protective Order to permit his direct access to discovery materials at CDF by authorizing counsel to provide a secured laptop

loaded with the discovery materials for Mr. Hightower's review. Alternatively, Mr. Hightower seeks full hard copies of all discovery materials in the case.[1]

## Argument and Memorandum of Law

I. <u>Mr. Hightower Has the Right to Review His Discovery to Assist in His Own Defense</u>.

Mr. Hightower is statutorily entitled to broad discovery, including of any item "material to preparing the defense." *See* Fed. R. Crim. P., Rule 16(a)(1)(E)(i).  Rule 16(d) also gives this Court the authority to issue a protective order governing discovery "for good cause."  In this case, the Court has issued a protective order that prevents defense counsel from providing Mr. Hightower with a copy of his discovery by requiring that all copies of Protected Information be maintained solely in defense counsel's office.  There are no limitations on the review that Mr. Hightower conducts, however, other than that his counsel be present.  In other words, there is no question that Mr. Hightower has a right to *review* all of the discovery the prosecution has provided.  Rather, the Protective Order prohibits copying of Protected Information or storage outside defense counsel's offices.

Although the federal Constitution does not provide an independent right to discovery, Mr. Hightower's right to meaningfully review discovery is implicit in other constitutional provisions. For example, Mr. Hightower has rights to due process, to a fair trial, to the effective assistance of counsel, to confront the witnesses against him, to present mitigating evidence, and to present a defense.  Each of these rights would be hamstrung, however, if Mr. Hightower could not examine the evidence provided in discovery.  Simply put, the right to meaningfully review discovery is integral to protecting each of Mr. Hightower's other Fifth, Sixth, and Eighth Amendment entitlements.

---

[1] Some of the materials in the case are electronic copies of video and audio recordings that require computer access for review, though the large majority of the materials could be reduced to hard copy.

Most importantly, Mr. Hightower is presumed innocent.  *See Coffin v. United States*, 156 U.S. 432, 453 (1895) ("The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.").  The Due Process Clause guarantees Mr. Hightower this presumption of innocence unless he is convicted upon proof beyond a reasonable doubt.  *In re Winship*, 397 U.S. 358, 364 (1970).  "To implement the presumption, courts must be alert to factors that may undermine the fairness of the factfinding process."  *Estelle v. Williams*, 425 U.S. 501, 503 (1976).  In other words, factors in this process that hamper Mr. Hightower's ability to defend himself interfere with the presumption of innocence to which he is constitutionally entitled.  In this case, Mr. Hightower has pleaded not guilty to all charges and must be given an opportunity to defend himself against the prosecution's allegations, however serious.

The Due Process Clause not only protects Mr. Hightower's presumption of innocence, but also entitles him to a fair trial and an opportunity to present a defense.  "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the [prosecution's] accusations."  *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973).  A person accused of a crime cannot, however, defend himself without the ability to examine and confront the evidence.  For that reason, "[t]he rights to confront and cross-examine witnesses and to call witnesses in one's own behalf have long been recognized as essential to due process."  *Id.* at 294.

Of course, the rights to defend oneself, confront witnesses, and present a defense are meaningless without access to evidence.  *See, e.g.*, *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("hold[ing] that the suppression by the prosecution of evidence favorable to an accused upon

request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."). It is unquestionable that one cannot meaningfully confront the evidence without an opportunity to obtain, review, and investigate it. Similarly, it is impossible to prepare and present a defense without reviewing and understanding the evidence the prosecution intends to offer in support of each allegation.

In sum, Mr. Hightower has a right to meaningfully review his discovery. Mr. Hightower faces serious charges, but he has pleaded not guilty and is presumed innocent. Mr. Hightower is entitled to an opportunity to review the evidence so that he can meaningfully assist counsel in preparing a defense, understanding the factual accusations, and effectively confronting the allegations against him. In general, courts must be wary of restrictions that hamper a criminal defendant's ability to present a defense, as such factors erode the presumption of innocence. But this general rule has special import in a mandatory life imprisonment case, where the need for reliability is heightened and the search for error is particularly exacting. It is thus necessary to allow Mr. Hightower to review his discovery in a meaningful and constitutionally adequate manner.

II.     The Protective Order and Standing Order Create an Untenable Situation

Discovery in this case is voluminous, containing the complete records of two prior trials—Mr. Hightower's initial prosecution and the prosecutions of Davon Carter and Clifford Mosely—as well as the investigation of the current charges. As written, the Protective Order and Standing Order effectively prohibit Mr. Hightower from reviewing the discovery in his case outside the presence of members of the defense team or in the lockup at the courthouse. Given time constraints, the defense team cannot spend enough hours with Mr. Hightower to enable him

to effectively review all discovery in his case and prepare his defense.[2] Mr. Hightower cannot be expected to review all discovery materials and prepare his defense in the time before trial without direct access to all discovery materials.

Accordingly, Mr. Hightower respectfully moves this Court to provide him access to a secured laptop at the Chesapeake Detention Facility, loaded with all discovery in his case, and without the ability to print or otherwise transmit materials. Without such access, Mr. Hightower cannot effectively prepare his defense and will be denied his constitutional rights as specified above and to be argued in support of this Motion.

Respectfully submitted,

Matthew Hightower
*By Counsel*

/s/ Daniel H. Goldman
Daniel H. Goldman
MD Bar No. 2202010033
The Law Office of Daniel Goldman
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709 – Phone
dan@dangoldmanlaw.com

Teresa Whalen, Esquire
Federal Bar No.: 25245
801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 588-1980; (301) 728-2905

*Counsel for Mr. Hightower*

## CERTIFICATE OF SERVICE

---

[2] In the past three weeks, the government has provided folders of Jencks materials to the U.S. Marshals for Mr. Hightower's review in the lockup at the courthouse.

      I hereby certify that on this 12th day of February 2025, I will electronically file the foregoing Motion with the Clerk of Court using the CM/ECF system, which will provide service to all parties.

      /s/ Daniel H. Goldman
      Daniel H. Goldman, VSB # 82144
      The Law Office of Daniel Goldman
      421 King Street, Suite 505
      Alexandria, Virginia 22314
      (202) 677-5709 – Phone
      dan@dangoldmanlaw.com
      *Counsel for Mr. Hightower*