IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| UNITED STATES, : | |
| : | |
| v. : | Case No.: SAG 23-186 |
| : | |
| MATTHEW HIGHTOWER, : | |
| : | |
| Defendant. : | |

## MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION

Matthew Hightower, by and through undersigned counsel, respectfully moves this Court for an order dismissing the case against him for violations of his right to a speedy trial under the Sixth Amendment to the Constitution and the Speedy Trial Act, 18 U.S.C. § 3161, his right to Due Process under the Fifth Amendment to the Constitution, and Federal Rule of Criminal Procedure 48.

## Procedural Background

1.  On May 27, 2016, Latrina Ashburne was shot and killed outside her home in Baltimore.

2.  On December 19, 2017, Davon Carter and Clifford Mosley were charged with Ms. Ashburne's murder and proceeded to trial in January of 2020. Both Carter and Mosley were convicted on all counts.

3.  More than three years after Carter and Mosley's convictions, on May 18, 2023, a five-count indictment charged Mr. Hightower with Conspiracy to Murder a Witness (Retaliation), 18 U.S.C.§ 1513(f), and related charges for allegedly conspiring in the murder for which Carter and Mosley had been convicted.

4. On July 10, 2023, Mr. Hightower appeared for his Initial Appearance.

5. On July 28, 2023, the Court entered an order excluding from the Speedy Trial Act, time between July 10 and November 10, 2023. This Order sought to retroactively exclude 18 days (July 10th to 28th) and to prospectively exclude the period from July 28th through November 10th (105 days). The Order was entered pursuant to a consent motion citing the need for discovery provision and review, but without Mr. Hightower's personal agreement.

6. On November 10, 2023, this Court entered another speedy trial order, again entered without Mr. Hightower's direct authorization, which excluded the period between November 10, 2023, and February 9, 2024 (91 days).

7. On February 15, 2024, this Court entered an order retroactively excluding the period between February 9th and February 15th (6 days) and prospectively excluding from February 15th through September 30, 2024 (228 days). This Order was entered pursuant to the Government's Motion, over objection by Mr. Hightower.

8. On October 4, 2024, this Court entered an order excluding the period between September 30, 2024, and June 16, 2025 (259 days), again on the Government's motion and over Mr. Hightower's objection, citing the ends of justice and based on Mr. Hightower's self-representation.

9. The total period of retroactive exclusion is 24 days. The total period of exclusion over Mr. Hightower's expressed objection is 487 days. The total period of exclusion without Mr. Hightower's expressed consent is 578 days.

10. As of the filing of this Motion, over seven years have elapsed since Carter and Mosley were charged for the offense for which Mr. Hightower now stands charged, and over five years have passed since their convictions.

11. Discovery in Mr. Hightower's case is largely comprised of materials produced for the trials of Carter and Mosley, and no additional evidence implicating Mr. Hightower has been generated.

## ARGUMENT AND MEMORANDUM OF LAW

Mr. Hightower's rights to speedy trial and due process have been violated by the government's actions in prosecuting him. As set forth below, he asks this Court to dismiss the indictment against him pursuant to the Fifth and Sixth Amendments to the Constitution, the Speedy Trial Act, and Federal Rule of Criminal Procedure 48.

### A. Constitutional Speedy Trial Right

"'A criminal defendant's right under the Speedy Trial Act is separate and distinct from his Sixth Amendment right to a speedy trial.'" *United States v. Arthur*, No. 17-CR-253-PWG-4, 2020 WL 3073322, at *5 (D. Md. June 10, 2020) (quoting *United States v. Thomas*, 305 F. App'x 960, 963 (4th Cir. 2009)), *aff'd, United States v. Arthur*, No. 22-4268, 2023 WL 8295927 (4th Cir. Dec. 1, 2023), *cert. denied*, 144 S. Ct. 2594 (2024). Different standards apply to the two rights, which is why courts analyze speedy trial claims under the STA separately from Sixth Amendment speedy trial arguments. *See, e.g., United States v. Woolfolk*, 399 F.3d 590, 594-98 (4th Cir. 2005).

The Sixth Amendment to the United States Constitution guarantees the accused a speedy trial. *Barker v. Wingo*, 407 U.S. 514, 515 (1972). "[T]he Sixth Amendment's guarantee of a speedy trial 'is an important safeguard to … minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself.'" *United States v. Loud Hawk*, 474 U.S. 302, 312 (quoting *United States v. Ewell*, 383 U.S. 116, 120 (1966)). This right is fundamental. *Barker*, 407 U.S. at 515. (citing *Klopfer v. North Carolina*, 386 U.S. 213 (1967)).

The Sixth Amendment right to a speedy trial takes effect once the putative defendant "in some way becomes an 'accused.'" *United States. v. Marion*, 404 U.S. 307, 313 (1971). The accusation may take the form of an indictment or information, but also exists in the absence of a formal charging document where the prosecution imposes restraints upon the defendant by arresting and holding him. *Id.* at 320; *Dillingham v. United States*, 423 U.S. 64 (1975) (per curiam). Once a Sixth Amendment violation is established, dismissal of the charge is "the only possible remedy." *Strunk v. United States*, 412 U.S. 434, 439–40 (1973) (quoting *Barker v. Wingo*, 407 U.S. 514, 539 (1972)). To determine whether a defendant's speedy trial right has been violated, courts consider four factors: the length of the delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant. *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005) (citing *Doggett. v. United States*, 505 U.S. 647, 655 (1992) (applying the "*Barker* factors"). These factors weigh in favor of dismissal.

      i.      <u>The 21-Month Delay is Presumptively Prejudicial</u>

First, the length of the delay here is presumptively prejudicial under Fourth Circuit and Supreme Court precedent. Mr. Hightower was indicted just under 21 months ago. The Supreme Court has observed "that a post-accusation delay approaching one year may be considered presumptively prejudicial," *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992)), and the Fourth Circuit has held a delay of eight months to be presumptively prejudicial. *Woolfolk*, 399 F.3d at 598.

Where, as here, the defendant has shown that the delay was substantial, "the burden is upon the government to prove that the delay was justified and that [the defendant's] speedy trial rights were not violated." *Buffalo Amusement*, 600 F.2d at 377. The delay weighs "against the government because 'the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *United States v. Black*, 918 F.3d 243, 260 (2d Cir. 2019) (quoting *Barker*, 407 U.S. at 531); *see also Doggett*, 505 U.S. at 657.

      ii.      <u>The Reason for the Delay</u>

In applying the second *Barker* factor, "reasons for the trial delay should be characterized as either valid, improper, or neutral." *United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009). "Deliberate delay to hamper the defense weighs heavily against the prosecution," while "delay caused by the defense weighs against the defendant." *United States v. Ballard*, 727 Fed. Appx. 757, 760 (4th Cir. 2018) (unpublished) (quoting *Vermont v. Brillon*, 556 U.S. 81, 90 (2009) (internal quotation marks omitted)).

In Mr. Hightower's case, the delay between indictment and filing of this Motion has been largely due to difficulties in accessing and reviewing discovery. The Protective Order on dissemination of discovery has prevented Mr. Hightower from directly reviewing discovery until recently. *See* ECF 73, Motion for Access to Discovery. The complexity of the case's background, the Government's delays in providing discovery materials, Mr. Hightower's inability to directly access discovery while proceeding *pro se*, and the volume of discovery in the case have also contributed to the delay. The Court's February 15, 2024 Order also noted Mr. Hightower's current 380-month sentence to find that "[a]ny delay in this trial … will not impact [his] incarcerated status." ECF 29. The reasons for delay in this case range from improper to neutral under *Barker*'s second factor and support the need for dismissal.

    iii.    <u>Mr. Hightower Has Asserted His Right to a Speedy Trial</u>

The Court has entered three speedy trial orders, on July 28, 2023, February 15, 2024, and October 4, 2024. The first was pursuant to a consent motion, but without Mr. Hightower's personal approval. The second two were over Mr. Hightower's express objection. Mr. Hightower has twice asked this Court for a speedy trial and has been denied twice; he has asserted his right to a speedy trial under *Barker*'s third factor.

    iv.    <u>Mr. Hightower is Prejudiced by the Delay</u>

21 months have passed since Mr. Hightower's indictment in this case, but over 8 years have passed since the crime for which he is expected to stand trial in June. The delay has affected his ability to prepare and present a defense as witness

memories have faded and records have been destroyed. By charging and trying Mr. Hightower's codefendants years before he was charged, the government has effectively locked in a version of events against which Mr. Hightower has had no opportunity to defend himself, while obstructing defense investigation into exculpatory evidence.

Witnesses for and against Mr. Hightower have moved and been incarcerated during the pendency of the litigation, and businesses have shuttered, depriving Mr. Hightower of access to evidence he needs to defend himself. Witnesses have been repeatedly interviewed by the government without Mr. Hightower having similar opportunities to discover favorable evidence. In at least one case, the government incarcerated a witness when she voiced her opposition to testifying in accordance with the government's theory of the case. Such deliberately coercive measures employed by the government have further prejudiced his ability to prepare his defense and have given the government tactical advantage in the prosecution.

Mr. Hightower's incarceration during the pendency of this case has further impaired his ability to prepare and present a defense, particularly given his lack of access to discovery and secured communications with the outside world.

### B. Fifth Amendment Due Process

The Fifth Amendment requires dismissal of an indictment (1) when pre-indictment delay causes substantial prejudice to the defendant, and (2) when the government intentionally uses the delay to gain tactical advantage. *United States v.*

*Uribe-Rios*, 558 F.3d 347, 358 (4th Cir. 2009) (citing *United States v. Marion*, 404 U.S. at 324).

Here, Mr. Hightower has been substantially prejudiced by the seven-year delay between the alleged offense date and his indictment. Following the murder of L.A., law enforcement developed leads sufficient to charge Carter and Mosley. While the government appeared to suspect Mr. Hightower's involvement in the murder, they elected not to charge him, instead proceeding against Carter and Mosley separately based on the same evidence now being used to prosecute Mr. Hightower.[1]

The trial and convictions of Carter and Mosley took three years, during which time Mr. Hightower was incarcerated on another charge and unable to effectively defend himself from the current allegations. Mr. Hightower has been held in CDF and in the Bureau of Prisons since his arrest in 2016 on prior charges. He has had no privacy, no confidential communications, no ability to interview witnesses or gather evidence in his defense to these charges.

Additionally, the Carter/Mosley trial involved extensive testimony about Mr. Hightower and against which he had no opportunity to defend himself. A narrative was thereby established against Mr. Hightower without his ability to defend himself. That narrative—that he ordered or conspired with Carter and Mosley to kill L.A.'s neighbor because she was a potential witness against him in a separate case—has now been locked in through the government's actions against Carter and Mosley. Mr. Hightower has been unable to defend himself against these allegations for nearly

---

[1] Nothing in discovery provided to Mr. Hightower to date suggests that the government has developed any new evidence that was not available at the time Carter and Mosley were tried for the same offenses.

eight years. This delay has prejudiced Mr. Hightower in the anxiety he has suffered these past 21 months, awaiting trial for crimes he did not commit, and without access to the evidence the government intends to use against him.

There can be no question that the Government elected to charge Carter and Mosley first because the evidence was strongest against them. To subsequently charge Mr. Hightower for the same crimes is nothing more than a strategic decision meant to gain tactical advantage in Mr. Hightower's prosecution at the expense of his rights to present a defense, get a fair trial, and call for evidence in his favor. The Government's election to wait years to charge Mr. Hightower violates his rights under the Due Process Clause of the Fifth Amendment as articulated under *United States v. Marion*, 404 U.S. 307 (1971); *United States v. Uribe-Rios*, 558 F.3d 347 (4th Cir. 2009); and *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399 (4th Cir. 1985).

### C. The Speedy Trial Act

The Speedy Trial Act of 1974 "requires the government to proceed to trial within 70 days of the indictment or the defendant's initial court appearance, whichever occurs later." *United States v. Smart*, 91 F.4th 214, 220 (4th Cir. 2024) (citing 18 U.S.C. § 3161(c)(1)). The Act "contains exceptions that toll this 70-day clock." Id. (citing § 3161(h)). But "[i]f this 70-day period elapses and the defendant moves to dismiss the charges on Speedy Trial grounds before trial, then the charges 'shall be dismissed.'" *United States v. Velasquez*, 52 F.4th 133, 136 (4th Cir. 2022) (quoting 18 U.S.C. § 3162(a)(2)).

The Fourth Circuit has explained the bases for exclusions of time under the Speedy Trial Act as follows:

> Under the Act, a court may exclude a period of delay if two things happen: (1) the "judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial" and (2) "the court sets forth, in the record of the case, either orally or in writing, its reasons for the findings." In other words, it first must be "clear from the record that the court conducted the mandatory balancing contemporaneously with the granting of the continuance." And, second, the court must set forth the reasons for its finding no later than when it rules on a defendant's motion to dismiss. If the district court fails to meet these requirements, then the delay is not excluded from the speedy trial clock.

*United States v. Hart,* 91 F.4th 732, 739-40 (4th Cir. 2024); (first quoting 18 U.S.C. § 3161(h)(7)(A) and *United States v. Smart*, 91 F.4th 214, 221 (4th Cir. 2024); then quoting *United States v. Keith*, 42 F.3d 234, 237 (4th Cir. 1994)).

In entering orders for exclusion under the Speedy Trial Act, this Court did not conduct the mandatory balancing of whether the ends of justice served by the delay outweigh the best interests of the public and Mr. Hightower in a speedy trial. As such, the indictments against Mr. Hightower must be dismissed.

### D. **Federal Rule of Criminal Procedure 48**

Federal Rule of Criminal Procedure 48 provides that a "court may dismiss an indictment … if unnecessary delay occurs in: (1) presenting a charge to a grand jury; … or (3) bringing a defendant to trial." This Court has the authority to dismiss the indictment against Mr. Hightower both for pre-indictment and pre-trial delay.

### **Conclusion**

For the reasons stated above and to be argued at a hearing on this Motion, Mr. Hightower respectfully moves the Court to dismiss the Indictment against him.

        Respectfully submitted,

        Matthew Hightower
        *By Counsel*

        /s/ Daniel H. Goldman
        Daniel H. Goldman
        MD Bar No. 2202010033
        The Law Office of Daniel Goldman
        421 King Street, Suite 505
        Alexandria, Virginia 22314
        (202) 677-5709 – Phone
        dan@dangoldmanlaw.com

        Teresa Whalen, Esquire
        Federal Bar No.: 25245
        801 Wayne Avenue, Suite 400
        Silver Spring, Maryland 20910
        (301) 588-1980; (301) 728-2905

        *Counsel for Mr. Hightower*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of February 2025, I will electronically file the foregoing Motion with the Clerk of Court using the CM/ECF system, which will provide service to all parties.

        /s/ Daniel H. Goldman
        Daniel H. Goldman, VSB # 82144
        The Law Office of Daniel Goldman
        421 King Street, Suite 505
        Alexandria, Virginia 22314
        (202) 677-5709 – Phone
        dan@dangoldmanlaw.com
        *Counsel for Mr. Hightower*