**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
Baltimore Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **CASE NO. 1:23-cr-00186-SAG** |
| **MATTHEW HIGHTOWER** | : | **Hearing Date: Oct. 8, 2026** |

**MATTHEW HIGHTOWER'S MOTION TO FILE EXHIBIT 3 TO HIS SENTENCING MEMORANDUM UNDER SEAL**

Matthew Hightower, by and through undersigned counsel, respectfully moves this Court, pursuant to Local Rule 105.11 and Federal Rule of Criminal Procedure 49.1, for leave to file under seal Exhibit 3 to his Sentencing Memorandum, the social history and mitigation report prepared by mitigation specialist Samuel W. Dworkin. In support of this motion, Mr. Hightower states as follows.

**BACKGROUND**

Mr. Hightower is scheduled to be sentenced on October 8, 2026. In support of his Sentencing Memorandum, he submits as Exhibit 3 a sixteen-page social history and mitigation report prepared by Samuel W. Dworkin, a mitigation specialist appointed by the Court to assist in Mr. Hightower's mitigation investigation. The report is based on records, on interviews with Mr. Hightower's family members, and on Mr. Hightower's own correspondence, and it is cited throughout Section IV of the Sentencing Memorandum.

The report contains extensive personal information about individuals who are not parties to this case. It identifies Mr. Hightower's children by name, including two who are minors,

describes their schooling, and quotes from private correspondence between Mr. Hightower and one of his daughters. It discloses the medical history of a family member, including an organ transplant, and the causes of death of other family members. It recounts traumatic childhood events described by Mr. Hightower's sister, and it quotes from Mr. Hightower's private electronic correspondence with a friend concerning her personal financial circumstances. It also discusses Mr. Hightower's own history of substance abuse and treatment. The family members and friends whose information appears in the report shared it with the mitigation specialist for the purpose of assisting the Court at sentencing, not for publication.

## ARGUMENT

The public's right of access to judicial records derives from two sources: the common law and the First Amendment. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The common-law presumption of access may be rebutted where countervailing interests heavily outweigh the public's interest in access. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). Where the First Amendment right of access applies, sealing is permitted if it is necessitated by a compelling interest and narrowly tailored to serve that interest. *Washington Post*, 386 F.3d at 575. Before sealing, a court must give the public notice and an opportunity to object, consider less drastic alternatives, and state the specific reasons supporting its decision. *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984); *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000). Local Rule 105.11 likewise requires that a motion to seal set out the proposed reasons for sealing, supported by specific factual representations, and explain why alternatives to sealing would not provide sufficient protection.

Separately, Federal Rule of Criminal Procedure 49.1(a)(3) requires that a filing identify a minor by initials only, and Rule 49.1(d) authorizes the Court to order that a filing be made under seal without redaction.

Sealing Exhibit 3 is warranted under either standard. First, the report discloses the personal information of numerous non-parties, including a family member's medical history, the causes of death of other family members, and a friend's personal financial circumstances. These individuals have a substantial interest in the privacy of that information, and they provided it to assist the Court in sentencing, not to place it in the public record. Second, the report identifies Mr. Hightower's children by name, including two minors, whose names Rule 49.1(a)(3) would require to be redacted in any public filing. Third, the report quotes from private family correspondence, including correspondence between Mr. Hightower and his daughter.

The public's interest in access to the report is limited, and it is fully served by the remainder of the record. The portions of the report on which Mr. Hightower relies are described, with pin citations, in the publicly filed Sentencing Memorandum. The letters of support submitted as Exhibits 1 and 2 are filed publicly, and the sentencing hearing itself will be conducted in open court. Sealing the report therefore withholds from public view only the personal details of non-parties, not the substance of Mr. Hightower's sentencing arguments.

Mr. Hightower has considered whether redaction would provide sufficient protection. Because the personal information of non-parties is woven throughout the report's narrative, rather than confined to discrete identifiers, redaction sufficient to protect those individuals would leave much of the report unintelligible, while the substance of the report is already available in the public memorandum. Sealing the report in its entirety is therefore the narrowest effective means of protecting these interests. Should the Court conclude otherwise, Mr. Hightower respectfully

requests leave to file a redacted version of Exhibit 3 for the public record within seven days of the Court's order, consistent with Rule 49.1(d).

Counsel for the government has been consulted and does not object to the sealing.

**CONCLUSION**

For the foregoing reasons, Mr. Hightower respectfully requests that the Court grant this motion and order that Exhibit 3 to his Sentencing Memorandum be filed and maintained under seal until further order of the Court. A proposed order is submitted herewith.

Respectfully submitted,

/s/ Daniel H. Goldman
Daniel H. Goldman
Dist. of Maryland Bar No. 21954
The Law Office of Daniel Goldman
421 King Street, Suite 505
Alexandria, Virginia 22314
(202) 677-5709 (Phone)
dan@dangoldmanlaw.com

/s/ Teresa Whalen
Teresa Whalen
Maryland Bar No. 25245
801 Wayne Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 728-2905 (Phone)
whalenesq@aol.com

*Counsel for Matthew Hightower*